THE PEOPLE ex rel. DAVID O'CALLAHAN, Appellant, *v.*
STEPHEN B. FRENCH et al., Respondents.

This court has no power to review a finding of the police commissioners of
the city of New York upon controverted facts, which has been affirmed
by the General Term.

*It seems*, the General Term may set aside the adjudication on the merits,
if, although there may be some evidence to sustain it, the preponderance
of proof is such that if the facts had been found on the trial of an issue
in the Supreme Court, the verdict would be set aside as against the
weight of evidence.

On appeal to this court, however, only questions of law may be considered
and it is only where there is no evidence to sustain the adjudication of
the commissioners, and so a question of law is presented, that it may
interfere and review the proceedings.

(Argued October 6, 1890; decided October 14, 1890.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, made January 7, 1890,
which dismissed an order of certiorari to review the proceed-
ings of defendants, the police commissioners of the city of
York, by which the relator was removed from the force, and
affirmed said proceedings.

The following is the opinion in full :

" The explanation given by the relator of his conduct was not
accepted by the commissioners. It was capable of another
and damaging construction, which if taken to be the true one
justified a finding of neglect of duty. The commissioners,
therefore, did not act without evidence to support their find-
ings. This court under these circumstances has no power to
interfere. There ought to be no misapprehension as to the
function of this court in such cases. We have no power to
review a finding upon controverted facts. We cannot act
upon our view of what under the circumstances the decision
ought to have been, provided there is enough in the record to
warrant the finding of the commissioners. They are respon-
sible for the discipline and efficiency of the force. The
General Term may set aside their adjudication on the merits if,
although there may be some evidence to sustain it, the pre-
ponderance of proof is such that if the facts had been found

by a jury on the trial of an issue in the Supreme Court, the verdict would be set aside as against the weight of evidence. (Code Civ. Pro. § 2140, subd. 5.) But the review on the merits is ended with the decision of the General Term.

" On appeal to this court only questions of law can be considered. If there was no evidence whatever to sustain the adjudication of the commissioners and their decision had been affirmed by the General Term, this court can act and will reverse the proceedings, as for any other error in law. Otherwise we are concluded. We cannot review the decision of the General Term as to the weight of evidence, and reverse it because we may have reached a different conclusion. This court cannot deal with the facts at all, except where they raise a pure question of law. We have repeatedly declared this rule, but the number of appeals in cases like this seem to indicate that it is not as yet fully understood. (*People ex rel. Masterson* v. *French*, 110 N. Y. 494 ; *People ex rel. Hogan* v. *French*, 119 id. 493 ; *People ex rel. McAleer* v. *French*, Id. 503.)

" The order should be affirmed."

*Louis J. Grant* for appellant.

*David J. Dean* for respondents.

ANDREWS, J., reads for affirmance.
All concur.
Order affirmed.