(121 App. Div. 576.)

### In re VILLAGE OF CEDARHURST.

(Supreme Court, Appellate Division, Second Department. October 18, 1907.)

1. MUNICIPAL CORPORATIONS—INCORPORATION—PROCEEDINGS—APPEAL.

   Under Village Law, Laws 1897, p. 369, c. 414, §§ 7, 8, providing for an appeal from the decision of the town supervisor to the county court, and declaring that the order of the county court shall be conclusive, and Code Civ. Proc. § 1357, allowing appeals from orders made by a court of record possessing original jurisdiction only in special proceedings instituted in that court, where the supervisor of a town decided that a proposition for the incorporation of a village did not comply with Village Law, Laws 1897, p. 369, c. 414, § 6, an appeal does not lie from an order of the County Court affirming his decision.

2. WORDS AND PHRASES—"FINAL AND CONCLUSIVE."

   The words "final and conclusive," as used in a statute declaring orders of the County Court made in special proceedings appealed from a decision of a town supervisor final and conclusive, mean that there should be no appeal from the order.

   [Ed. Note.—For other definitions, see Words and Phrases, vol. 3, pp. 2772–2805.]

Appeal from Nassau County Court.

Proceedings in the matter of the incorporation of the village of Cedarhurst. From an order of the County Court, affirming a decision of the town supervisor of Hempstead adverse to the proposition of the incorporation, the village appeals. Dismissed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Frederick L. Gilbert, for appellants.

Henry De Forest Baldwin (John Lyon, on the brief), for respondents.

MILLER, J. This is an appeal from an order of the County Court of Nassau county, affirming a decision of the supervisor of the town of Hempstead adverse to a proposition for the incorporation of the village of Cedarhurst, made pursuant to section 3 et seq. of the village law (Laws 1897, p. 367, c. 414). The point is made that the order is not appealable to this court.

Sections 7 and 8 of the village law provide for an appeal from the decision of the supervisor to the County Court, and section 8 provides that the order of the County Court "shall be final and conclusive." The supervisor decided, whether rightly or not, that the proposition did not comply with said chapter 414, p. 366, of the Laws of 1897. This was the question which he was required to decide. Section 6 of the village law. The appellants claim that section 1357 of the Code of Civil Procedure authorizes this appeal, but it is to be noted that that section only applies to an order "made by a court of record, possessing original jurisdiction, or a judge thereof, in a special proceeding, instituted in that court or before a judge thereof." This proceeding was instituted before the supervisor, and not in the County Court, or before a judge thereof. In the case of Village of Harrisville v. Lawrence, 66 Hun, 302, 21 N. Y. Supp. 62, relied upon by the appellants, the proceeding to review the election resulting in the order appealed from was instituted in the County Court.

But, if said section (1357) would otherwise have authorized an appeal to this court, we think it was plainly intended by the statute that there should be no such appeal. The words "final and conclusive," as applied to orders like the one now before us, have been construed by the Court of Appeals to mean that there should be no appeal. Matter of Commissioners of Central Park, 50 N. Y. 493; New York Central Railroad Co. v. Marvin, 11 N. Y. 276; Matter of Canal and Walker Streets, 12 N. Y. 406; King v. City of New York, 36 N. Y. 182–187; Matter of D. & H. C. Co., 69 N. Y. 209. This view is not affected by the decision in Matter of Daly, 189 N. Y. 34, 81 N. E. 560, because the court in that case did not decide that the words "final and conclusive" did not preclude the right to appeal, but that they had no application, for the reason that the first appraisal was set aside for the admission of improper evidence. The cases relied upon by the appellants are not in point, for the reason that the provision of the statute respecting appeals did not apply to the particular orders reviewed in those cases.

The appeal should be dismissed.

Appeal dismissed, with $10 costs and disbursements. All concur.