THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANCIS G. REGAN, Respondent, *v.* RICHARD E. ENRIGHT, as Police Commissioner of the Police Department of the City of New York, Appellant.

New York (city of) — police — punishment of patrolman for violation of regulations and neglect of duty — determination by police commissioner, upon uncontradicted evidence, that the patrolman was guilty as charged and imposing fine upon him — Appellate Division has no power, under provisions of statute defining its powers in certiorari proceedings, to reverse such determination.

A patrolman in the police department in the city of New York was charged with " violation of regulation and neglect of duty " in that

he entered a supposed vacant house in search of burglars and handled his revolver so carelessly that a bullet discharged therefrom entered the shoulder of an innocent person sitting in a chair in said house. Upon uncontroverted evidence the police commissioner, before whom the patrolman was tried, held that the facts sustained the charge, found the patrolman guilty and imposed a fine upon him. On certiorari the Appellate Division reversed the determination of the commissioner, holding that because of the unusual circumstances the unfortunate act of the patrolman in discharging his revolver cannot be charged as a violation of a rule of the police department. This is erroneous. What punishment, if any, should have been inflicted, the facts being uncontradicted, was for the commissioner, and not for the court. There was neither conflict of proof as to the existence of any facts nor conflict as to the inferences to be drawn therefrom and hence there was nothing to justify the court, acting under the statute defining its powers in certiorari proceedings (Civ. Pr. Act, § 1304), in reversing the determination of the commissioner.

*People ex rel. Regan* v. *Enright*, 211 App. Div. 868, reversed.

(Argued March 30, 1925; decided May 5, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 19, 1924, which reversed, on certiorari, a determination of the police commissioner of the city of New York imposing a fine upon the relator, a member of the police force, for a violation of duty and remitted said fine.

*George P. Nicholson, Corporation Counsel (Charles J. Druhan* of counsel), for appellant. The Appellate Division was without authority to reverse the determination of the police commissioner upon the facts, and, consequently, a question of law is presented which this court has jurisdiction to review. (*People ex rel. Masterson* v. *French,* 110 N. Y. 494; *People ex rel. Morrissey* v. *Waldo,* 212 N. Y. 174; *People ex rel. N. Y. & Queens Gas Co.* v. *McCall,* 219 N. Y. 84.)

*Julian V. Carabba* for respondent. Appellant's determination adjudging relator guilty and fining him thirty

days' pay, on the lone specification, is not supported by the evidence, which absolves relator, and should be annulled. (*Heffernan* v. *Barbers Son*, 36 App. Div. 163; *Akers* v. *City of N. Y.*, 14 Misc. Rep. 524; *Thies* v. *Thomas*, 77 N. Y. Supp. 276; *People ex rel. Gannon* v. *McAdoo*, 117 App. Div. 438; *People ex rel. Leonard* v. *Cropsey*, 149 App. Div. 730.)

McLAUGHLIN, J. Charges were preferred against the relator, a patrolman in the police department in the city of New York, for "violation of regulation and neglect of duty." The specifications of the charges were that at a time and place named, the relator, during his tour of patrol duty, entered "a supposed vacant house in search of burglars and did carelessly handle his service revolver causing a bullet to discharge from same which entered the right shoulder of Bella Shetland * * * who was sitting in a chair in said room in said premises on second floor."

The relator having pleaded not guilty of the charges and specifications a trial was had; several witnesses were called, including two fellow police officers, who were with the relator in the premises at the time this shooting took place. The uncontroverted evidence showed that at the time mentioned in the specifications a patrolman discovered a cellar window open in the house supposed to be vacant. He thereupon asked for assistance, believing burglars were inside. The officer was immediately joined by two other officers, one of whom was the relator. The three officers then entered the cellar through the open window; after looking the cellar over and discovering nothing wrong they went to the floor above and there nothing indicating the presence of burglars was discovered. They then went to the second floor, the relator being in the lead. When he got to the top of the stairs he saw the reflection of a light through the glass in a door leading into a room on that floor; he

thereupon drew his revolver and proceeded to open the
door. According to his own statement he says as he
opened the door " it was dark in front of me, I heard a
movement on my right, that's where the light was coming
from * * * I turned around quick to see. what
it is and as I did I notice someone making a move to get
up that had been sitting in a chair and it startled me and
I just went back * * * my arm went up and the
revolver was discharged."

The police commissioner held that the facts proved
sustained the charge and specifications made against the
relator, found him guilty and imposed a fine upon him
of one month's pay. The Appellate Division unanimously
reversed the determination, remitted the fine and dis-
missed the writ. The grounds of the decision are not
stated in the order. A memorandum states, however, that
the determination was reversed without costs and fine
remitted because " We think, in view of the unusual
situation confronting the relator, that the unfortunate
act of discharging his revolver cannot be charged as
a violation of a rule of the police department."

In my opinion the decision of the Appellate Division
ought not to be sustained. What punishment should
be inflicted, the facts being uncontradicted, was for the
commissioner and not for the court. That the relator
committed the acts charged against him in the specifi-
cations is not disputed; that those acts might properly
be found by the commissioner to make out official
dereliction cannot, it seems to me, well be doubted. He
handled his revolver in such a way that it was discharged
and a bullet therefrom entered the body and seriously
injured one who was at the time rightfully in a room
where the shooting took place. In determining that the
act was of such a nature as to require the punishment
of the relator to the end that the discipline of the police
department might be preserved, the commissioner exer-
cised a discretion not subject to judicial review. The

excuse offered by the relator was addressed solely to the judgment and discretion of the police commissioner. Upon the facts the explanation given by the relator was not satisfactory to the commissioner. This did not present a question of fact which the Appellate Division was authorized to determine.

It is true that under section 1304 of the Civil Practice Act the Appellate Division has broad power in certiorari proceedings to determine whether there was any competent proof to establish all the facts necessary to be proved in order to justify the determination made by the commissioner and "if there was such proof, whether, upon all the evidence, there was such a preponderance of proof against the existence of any of those facts that the verdict of a jury,. affirming the existence thereof, rendered in an action in the Supreme Court triable by a jury, would be set aside by the court as against the weight of evidence." Notwithstanding the power thus given it is not broad enough to sustain the conclusion here reached. There was neither conflict of proof as to the existence of any facts nor conflict as to inferences to be drawn therefrom. Take the most favorable view of relator's own testimony and a case was presented where the commissioner had the right to say that the discipline of the department required that a fine should be imposed. The case in principle cannot be distinguished from *People ex rel. Morrissey* v. *Waldo* (212 N. Y. 174). There a police officer was removed from the force for conduct unbecoming an officer and committing . a criminal offense, the specifications of the charge being carelessness in handling a revolver in such a way as caused it to be discharged and thereby inflicting injuries upon another officer which caused his death.

The commissioner held that the charges had been sustained and he thereupon dismissed the relator from the police department. The determination was reversed by the Appellate Division on the ground that it was against

the weight of evidence and directed that the relator be reinstated.  On appeal to this court we held that there was nothing to call for the exercise by the Appellate Division of its discretionary powers; that the relator on the uncontroverted evidence was guilty of the acts stated in the specifications; and that the extent of the penalty imposed was not subject to judicial review.  The order of the Appellate Division was reversed and the writ dismissed.  (See, also, *People ex rel. Masterson* v. *French,* 110 N. Y. 494.)

The order of the Appellate Division should be reversed and determination of the police commissioner confirmed, with costs in this court and the Appellate Division.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE and LEHMAN, JJ., concur; ANDREWS, J. absent.

Order reversed, etc.