In the Matter of Charges against George S. Skinkle, a Patrolman Connected with the Police Department of the City of Watervliet, New York, Respondent.

Robert J. Murray, Commissioner of Public Safety of the City of Watervliet, Appellant.

Third Department, November 17, 1927.

**Municipal corporations — police — commissioner of public safety of city of Watervliet dismissed respondent from police force — on appeal to Special Term, under Watervliet City Charter (Laws of 1918, chap. 462) § 148, reinstatement was ordered — provision of charter that " the decision of the court shall be final and conclusive " does not prevent appeal from order of Special Term, since court was without jurisdiction to inquire into merits of controversy — appeal to Special Term could be on " jurisdictional grounds " only — Special Term exceeded its jurisdiction.**

The respondent was dismissed from his position as a member of the police department of the city of Watervliet after a hearing before the commissioner of public safety. On an appeal to the Supreme Court under section 148 of the Watervliet City Charter (Laws of 1918, chap. 462), the court reviewed the proceedings on the merits and ordered the reinstatement of the respondent.

The Watervliet City Charter authorizes an appeal to the Supreme Court " on jurisdictional grounds " and provides that " the decision of the court shall be final and conclusive." The Special Term exceeded its jurisdiction in reviewing on the merits the proceedings before the commissioner of public safety. Its jurisdiction was limited to a review of the order " on jurisdictional grounds " only. Therefore, its order, reinstating the respondent, was an order made in excess of its jurisdiction, and since the order affected the substantial rights of the appellant, he had a right to appeal therefrom, notwithstanding the provision that " the decision of the court shall be final and conclusive."

The Special Term was limited to a decision of questions of law relative to the original jurisdiction to hear the charges; the procedure on the hearing, and the decision rendered.

Appeal by Robert J. Murray from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the

clerk of the county of Albany on the 23d day of July, 1927, reversing a determination of the commissioner of public safety of the city of Watervliet dismissing the respondent from the police department of that city.

*Joseph D. Foley,* for the appellant.

*Tobin, Wiswall, Walton & Wood* [*Kenneth S. MacAffer* of counsel], for the respondent.

DAVIS, J.   The respondent Skinkle, a police officer of Watervliet, on the trial of serious charges preferred against him, was found guilty by the commissioner of public safety, and he was fined and dismissed from his position.   The city charter (Laws of 1918, chap. 462, § 148) provides that an officer aggrieved may take an appeal from the determination " to the Supreme Court, at any Special Term thereof, held within the judicial district in which the city is situated."   An appeal was taken and the order was reversed at a Special Term held in Albany county.   (See 130 Misc. 8.)   The order provided, in substance, that the officer should be reinstated, the fine repaid, and he should have his unpaid salary, with costs against the city.   An appeal to this court has been taken from that order.

The counsel for the respondent contends that the order is not appealable.   He calls our attention to the language of the charter which provides that upon an appeal to the Special Term " the decision of the court shall be final and conclusive."   This language, he argues, deprives this court of jurisdiction to hear the appeal, regardless of the existence of error at Special Term.

We think it unnecessary to decide the question as to whether such an order may be generally reviewable upon appeal.   Such terms as " final and conclusive " are common in our practice as applied to judgments or orders.   Much depends upon the context of a statute appearing to limit the right to appeal and its relation to the statute governing the practice on appeals generally.   (See Civ. Prac. Act, § 631; cf. *Matter of Commissioners of Central Park,* 50 N. Y. 493; *Matter of Village of Cedarhurst,* 121 App. Div. 576; *Matter of Poole* v. *Johnston,* 32 Hun, 215, 218; *Manhattan R. Co.* v. *O'Sullivan,* 6 App. Div. 571; affd., on opinion below, 150 N. Y. 569.)

Here we think the court at Special Term exceeded its jurisdiction and granted an unauthorized order affecting the substantial rights of a party, and that there is the right of appeal from such an order. (*Matter of City of New York* [*Morris Theatrical License*], 131 App. Div. 767, 773; *Matter of Brady,* 69 N. Y. 215, 220.)

The charter by section 148 gave an aggrieved officer the right to appeal to the Special Term " on jurisdictional grounds."   The

learned court below interpreted that language to mean that the court was authorized to inquire into the merits of the controversy. This the justice did by examining the evidence and reviewing not only questions of fact but matters of discretion in discipline. We think he erred in this broad construction of the powers delegated by the statute.

Jurisdiction, while perhaps not capable of precise definition, may be said to mean generally the power or right conferred on any court or tribunal to take cognizance of a matter in dispute, and to inquire into the facts for the purpose of making a legal determination of the controversy with authority to make the decision effective. The term " jurisdictional grounds " refers to the basis of jurisdiction of the tribunal assuming to act. We need not be left in doubt about the origin of the charter section above referred to. It has been almost literally copied from section 138 of the Second Class Cities Law. Originally that statute provided for an appeal by an aggrieved officer from the decision of the commissioner to the Appellate Division " on jurisdictional grounds." (Laws of 1906, chap. 473; Consol. Laws, chap. 53, Laws of 1909, chap. 55.) That section was amended in 1910 (Chap. 266, § 2) by substituting in place of those words the phrase " on questions of law." This no doubt was for greater clarity of expression and perhaps to include prejudicial legal errors in procedure without purpose to extend the jurisdiction of the court to review the determination on the merits. It has been held repeatedly in this court and elsewhere that on such appeals nothing but questions of law would be decided and the facts would not be examined. (*Horan* v. *Fleming*, 143 App. Div. 131; *Matter of Van Order*, 157 id. 4; *Nolan* v. *Cole*, Id. 44; *Matter of Quay* v. *Wege*, 158 id. 120.)

The purpose of the statute in question is reasonably clear. Apparently a remedy was already given by certiorari to review the determination of the commissioner on the merits as well as on the law. (Civ. Prac. Act, §§ 1284, subd. 2, 1286, 1292, 1304; *People ex rel. Winspear* v. *Kreinheder*, 197 App. Div. 887; *People ex rel. O'Callahan* v. *French*, 123 N. Y. 636.) But there is no power in any court to interfere in matters of discretion and discipline in such cases if there are facts supporting the determination of the commissioner. (*People ex rel. Morrissey* v. *Waldo*, 212 N. Y. 174.) In some cases there might be a simple question as to whether the person assuming to act had any statutory authority; or if so, whether he had proceeded in the orderly manner the statute prescribed; or whether in deciding he had exceeded the limits of granted powers. These questions would go to the jurisdiction of the tribunal. So a simple, inexpensive and somewhat summary method

was furnished of reviewing the decision " on jurisdictional grounds " at Special Term. Without doubt the court was limited to the decision of questions of law relative to the original jurisdiction to hear the charges, the procedure on the hearing, and the decision rendered. In brief, the question before the court was, Did the commissioner have authority for the action taken? There appears to be nothing in the statute making this remedy exclusive. It would seem that respondent had his choice between this new remedy and the one giving review of the entire proceeding by certiorari. He chose what appeared to be the simpler method where no inquiry into the facts could be made.

The question of the jurisdiction of the commissioner to hear the charges and make a determination seems not to have been decided at Special Term and has not been argued here. Under the circumstances we will not undertake to make a decision on that subject.

The order should be reversed on the law, with ten dollars costs and disbursements, and the proceeding remitted to Special Term to be brought on for a hearing as the parties may be advised.

The motion to dismiss appeal should be denied, with ten dollars costs.

COCHRANE, P. J., VAN KIRK, HINMAN and McCANN, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and proceeding remitted to Special Term to be brought on for a hearing as the parties may be advised. Motion to dismiss appeal denied, with ten dollars costs.