In the Matter of the Application of GEORGE S. SKINKLE, Petitioner, for a Certiorari Order against ROBERT J. MURRAY, General Manager and Commissioner of Public Safety of the City of Watervliet, New York, Respondent.

Third Department, May 3, 1928.

**Public officers — removal of member of police department of city of Watervliet — certiorari to review proceedings of commissioner of public safety — appeal, under Watervliet City Charter, § 148, did not preclude petitioner from instituting certiorari proceedings — petitioner was improperly removed.**

The petitioner, a member of the police force of the city of Watervliet, was removed from office by the commissioner of public safety after hearing on charges preferred. The petitioner took an appeal to the Supreme Court at Special Term, under section 148 of the Watervliet City Charter, and the court at Special Term reviewed the case on the merits, but on appeal to the Appellate Division it was held that the jurisdiction of the court was limited to a review on juris-

dictional grounds only. In the meantime, this certiorari proceeding was commenced.

The appeal, under section 148 of the Watervliet City Charter, did not bar the petitioner from instituting certiorari proceedings to determine the merits of the decision by the commissioner of public safety.

The petitioner was improperly removed, for it appears that at the time it was alleged that he acted improperly he was acting under the orders of his superior officer; that in applying force to the man whom he had been called upon to arrest for disorderly conduct he applied only such force as was necessary for his own protection and for the purpose of subduing the disorderly person, and that the disorderly person at no time made complaint that the petitioner assaulted him. There are some indications that the commissioner of public safety was either consciously or unconsciously biased against the petitioner.

The determination of the commissioner of public safety is annulled, the charges are dismissed and the petitioner is restored to his position with pay.

CERTIORARI ORDER granted out of the Supreme Court on the 7th day of January, 1928, directed to Robert J. Murray, general manager and commissioner of public safety of the city of Watervliet, N. Y., commanding him to certify and return to the office of the clerk of the county of Albany all and singular his proceedings had in removing petitioner from his office of patrolman in the police department of said city, after a trial on charges.

*Tobin, Wiswall, Walton & Wood* [*Kenneth S. MacAffer* of counsel], for the petitioner.

*Joseph D. Foley,* for the respondent.

PER CURIAM. The petitioner was dismissed from his position as a member of the police department of the city of Watervliet after a hearing before the commissioner of public safety. On an appeal to the Supreme Court at Special Term under section 148 of the Watervliet City Charter (Laws of 1918, chap. 462), the court reviewed the proceedings on the merits and ordered the reinstatement of the petitioner. An opinion was written. (*Matter of Skinkle,* 130 Misc. 8.) On appeal to this court from such decision we held that the Special Term exceeded its jurisdiction in reviewing on the merits when the charter limited it to a review on " jurisdictional grounds " only. We did not undertake to make a decision on the question of the jurisdiction of the commissioner to hear the charges or other possible jurisdictional error in the proceeding before the commissioner. We remitted the matter to the Special Term for that purpose. (*Matter of Skinkle,* 221 App. Div. 682.) Neither did we undertake to decide the merits of the controversy. No such question was properly before us at the time. In the meantime this certiorari proceeding had been initiated and was kept alive by stipulation and the petitioner is now entitled to a review upon the merits. Certiorari is available

for that purpose because section 148 of the charter did not grant an exclusive remedy and did not afford a full and adequate review of the determination. We so held in our previous opinion. (221 App. Div. 682, 685.) We did not intend at that time to express the view that in this case a final election of remedies had been made. The two remedies are not irreconcilable. (*Mills* v. *Parkhurst,* 126 N. Y. 89, 93.) Under the circumstances we think the petitioner is entitled to his day in court on the merits of his dismissal from the police force. We have carefully examined the record and are of the opinion that his removal was not justified. He was obeying the orders of his superior. It was unfair to charge him with acting " without a warrant and not being in uniform." Moreover, Quinn pleaded guilty to the offense of disorderly conduct and at no time complained that the petitioner assaulted him. The evidence of Mrs. Guerin and her son was decidedly impeached by their former statements made under oath. They did not even see all that transpired in the bedroom. In the absence of convincing testimony that such was the case, it is unthinkable that an officer of petitioner's maturity of service would have wantonly struck this man. He was dealing with a drunken man whom Mrs. Guerin feared to have remain in the house, and a man of much superior size and weight. He says the man struck him in the jaw and clutched at his throat before he hit him and that to subdue him it was necessary to repeat it. The learned court at Special Term has written an opinion on the merits which so clearly states the case as we see it that it is unnecessary to further review the facts and considerations which impel us to the thought that the burden of proof was not well borne against the petitioner and that there are some indications of conscious or unconscious bias on the part of the commissioner. (*Matter of Skinkle,* 130 Misc. 8, 10–12.)

We conclude that the determination of the commissioner of public safety should be annulled, the charges dismissed, the relator restored to his position, with pay and with fifty dollars costs and disbursements.

VAN KIRK, P. J., HINMAN, DAVIS, WHITMYER and HASBROUCK, JJ., concur.

Determination annulled, and charges dismissed, and relator ordered restored to his position, with pay and with fifty dollars costs and disbursements.