In the Matter of the Application of WALTER A. MITCHELL, Petitioner, against EDWARD P. MULROONEY, Police Commissioner of the City of New York, Respondent.

First Department, June 21, 1934.

(See 236 App. Div. 662.)

*John Kirkland Clark* of counsel [*Edward T. Welch* with him on the brief; *Clark & Baldwin*, attorneys], for the petitioner.

*Willard S. Allen* of counsel [*Thomas W. A. Crowe* with him on the brief; *Paul Windels, Corporation Counsel*, attorney], for the respondent.

TOWNLEY, J. Petitioner, a police officer, with an unblemished record after five years' service, was dismissed from the force upon charges (1) that he had arrested three women on insufficient evidence for an alleged violation of section 887 of the Code of Criminal Procedure; (2) that he had mentioned in his report that one Joseph Cortez was the person found in the premises at the time of his arrest although he knew that Cortez was not the true name of that person, and finally (3) that he testified falsely in the Magistrate's Court concerning those three women whom he had arrested.

At the hearing before the police commissioner the only witness called to sustain these charges was one Chile M. Acuna. He testified that he had become acquainted with Mitchell and acted as stool pigeon for him when these three women were arrested at 4 West

One Hundred and Fourteenth street. He said that Mitchell and his partner, Officer Fallon, told him that they had information concerning the use of the premises on the first floor rear apartment at that address for purposes of prostitution. His testimony amounted in substance to the claim that the police had made the arrests without any evidence of prostitution at the time and place alleged. Acuna gave a very circumstantial account of the raid but he failed to identify Mitchell or his partner Fallon in the lineup at the Seabury investigation on December 3, 1930. He claimed that he had seen Mitchell at the end of the raid, had ridden uptown in the same taxicab with him, talked to him, had seen him outside the station house after the prisoners were booked, had seen him in the apartment house after the arrests were made and had actually taken fifteen dollars from him. Nevertheless, though he passed in front of Mitchell three times, he did not recognize him. There was a similar failure to identify Fallon on the trial. Before the police commissioner, Acuna identified Mitchell as follows: " There is the man there I would call Mitchell." The identification, however, on that occasion was of no significance. Mitchell had come into the hearing room with his counsel and Acuna had seen him. Acuna had previously seen Mitchell identify himself on pleading not guilty. Even under those favorable circumstances, the words used amounted to little more than a conjecture. Both Mitchell and Fallon took the stand and testified before the police commissioner and denied having anything to do with Acuna.

On the original hearing, we had grave doubts as to the propriety of this dismissal. We felt, however, that in deference to the rule which requires that great weight be given the determination of the police commissioner in proceedings of this character, the order should be dismissed. Since our original decision in this matter, we have had occasion to pass upon the credibility of Acuna in a number of other proceedings. We have found numerous cases in which we have been obliged to reverse decisions depending entirely upon the testimony of this witness. He has been repeatedly impeached as an unreliable witness. (*People* v. *Tait*, 234 App. Div. 433; *Matters of Reger, Knott and Eisner* v. *Mulrooney*, 241 id. 38.) In *Matters of Reger, Knott and Eisner* v. *Mulrooney* (*supra*) the charges made against the petitioners by Acuna were substantially the same as those involved here. In annulling the determinations of the police commissioner, Mr. Justice MERRELL, writing for this court, said: " It remains to be determined by this court whether members of the police force, of unblemished reputation, of long and honorable service, may be found guilty and dismissed from the service upon the unsupported testimony of the paid perjurer, Acuna,

stigmatized by the Court of Appeals as a ' disreputable character,' and variously branded by this court as ' confessed " stool pigeon," * * * twice convicted, once of petit larceny and again of extortion,' as ' a creature of the lowest type,' as ' an infamous self-confessed criminal and stool pigeon, who did not claim to have ever done an honest day's work,' and who ' cannot be relied upon as a truth teller,' whose ' testimony cannot be true,' and who, at the trial of the petitioners was thoroughly discredited and who gave most contradictory and improbable testimony. In view of our intimate acquaintance with this disreputable character, who is the accuser of the petitioners, we have no hesitation in stating our disbelief of the testimony which he gave at the trial of the petitioners before the police commissioner. This court will not permit a finding of guilt and the dismissal of the petitioners to stand upon the testimony given before the police commissioner."

The unreliable character of Acuna's testimony is again demonstrated by this record. His failure to identify either the petitioner or Officer Fallon, the many contradictions appearing in his testimony here, and his admission of the falsity of testimony given in other proceedings show him to be entirely unworthy of belief. Both the petitioner and his associate Fallon have excellent records in the department. Their testimony was clear and convincing and should have been accepted in place of perjured testimony of Acuna.

This court has power to review the weight of evidence in a proceeding of this character. It is provided in section 1304 of the Civil Practice Act that the questions involving the merits to be determined by the court upon the hearing are the following only:

" 4. Whether there was any competent proof of all the facts necessary to be proved in order to authorize the making of the determination.

" 5. If there was such proof, whether, upon all the evidence, there was such a preponderance of proof against the existence of any of those facts that the verdict of the jury, affirming the existence thereof, rendered in an action in the supreme court triable by a jury, would be set aside by the court as against the weight of evidence."

The courts have been slow to interfere with the decision of a police commissioner if there were any facts to support the findings. (*Matter of Skinkle,* 221 App. Div. 682.) On certiorari to review, the court will ordinarily not substitute its judgment upon the facts for that of the police commissioner other than to determine whether there was substantial evidence to sustain the determination of the police commissioner. (*Matter of Pennsylvania Gas*

*Co.* v. *Public Service Commission,* 211 App. Div. 253.) In cases where there was neither conflict of proof as to the existence of any facts nor conflict as to the inference to be drawn therefrom, this court in fact lacks power to annul the determination of the police commissioner punishing a police officer for violation of duty. (*People ex rel. Regan* v. *Enright,* 240 N. Y. 194.) On three appeals involving disputed facts, this court, however, recently exercised its statutory power to review evidence and annulled the determinations of the police commissioner. (*Matters of Reger, Knott and Eisner* v. *Mulrooney, supra.*) The Court of Appeals, moreover, has distinctly said in *People ex rel. Gilson* v. *Gibbons* (231 N. Y. 171) that it is the duty of this court to examine evidence as to its sufficiency and weight. In that case the chief of police of Lackawanna was tried on a number of charges. The Appellate Division, while affirming the action of the police commissioners in dismissing the relator upon three of the counts had stated that since on these three charges there was sufficient evidence to raise a question of fact for the commissioners, the court was bound by their decision. (194 App. Div. 983.) The Court of Appeals, however, said: " The Appellate Division could not stop at the first stage and affirm merely because a question of fact was presented. The relator was entitled to the next step, *i. e.,* a determination as to whether or not the question of fact presented should have been decided against him because the evidence preponderated against him, or because the weight and sufficiency of the evidence were such as would have justified a jury in finding him guilty." The case was thereupon remanded to the Appellate Division with the statement that " should it determine that they [the charges] are not sustained by a fair preponderance of the evidence or that the main charges having been dismissed, a rehearing should be had, it would of course grant a new trial."

Reargument would not ordinarily be granted so long after the original decision. We feel, however, that the circumstances of this case are so unusual as to justify a departure from the ordinary practice governing applications of this character in order that the injustice which has been done this petitioner may be corrected. We are convinced that the findings of the police commissioner in this case are against the weight of the evidence and that the verdict of a jury to the same effect would have to be set aside by the court as against the weight of the evidence.

The order of this court of June 17, 1932 (236 App. Div. 662), should be vacated, the order of certiorari should be sustained, the determination of the police commissioner should be annulled, with fifty dollars costs and disbursements, and a new trial should be

granted. In the meantime, the petitioner should be reinstated as a member in good standing of the police force of the city of New York.

MARTIN, O'MALLEY and GLENNON, JJ., concur; FINCH, P. J., dissents and votes to dismiss the order of certiorari and confirm the determination of the respondent.

FINCH, P. J. (dissenting). I am unable to concur in the view that this court should set aside the action of the proper police authority in dismissing this policeman after a due hearing. The trial commissioner, after seeing and hearing the witnesses, has made his decision solely upon issues of fact. To set aside the dismissal and reinstate this policeman with back pay on a mere question of credibility, substitutes the judgment of this court for that of the trial commissioner and most seriously interferes with discipline in the police department. For many years this court was without power to interfere where there was any evidence tending to support the decision. (*People ex rel. Hart* v. *Board of Fire Comrs. of N. Y.*, 82 N. Y. 358.) While the Legislature subsequently conferred statutory power upon this court to weigh the evidence (Civ. Prac. Act, § 1304), yet such power always has been, and most properly, very sparingly exercised. Admittedly both the policeman and the witness Acuna were attached to the vice squad, and it was within the province of the trial commissioner to believe one or the other. If witnesses of unimpeachable character must be found before their testimony can be accepted, then it becomes more difficult than ever to uncover wrong and convict those responsible therefor.

As the main witness is dead, it seems futile to order a new trial.

The previous ruling of this court dismissing the order of certiorari should be confirmed.

Order of certiorari sustained, the determination of the police commissioner annulled, a new trial granted to petitioner, and, in the meantime, the petitioner reinstated as a member in good standing of the police force of the city of New York, with fifty dollars costs and disbursements to the petitioner. Order entered June 17, 1932, vacated.