In the Matter of the Application of JOHN J. SHEA, Petitioner, for an Order of Certiorari against LEWIS J. VALENTINE, as Police Commissioner of the Police Department of the City of New York, Respondent.

First Department, January 29, 1937.

*Bernard I. Kamen* of counsel [*Jacob Last* with him on the brief; *Kamen & Ostertag*, attorneys], for the petitioner.

*Charles E. Ramsgate* of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel*, attorney], for the respondent.

COHN, J. Petitioner, a dismissed policeman, contends that he committed no punishable offense, and that the charges and the proofs in support thereof were insufficient to warrant his removal or the imposition of any penalty. Respondent asserts that petitioner's discharge was justified by the evidence and that inasmuch as he entered a plea of guilty to the charges there is nothing for this court to review.

Upon a hearing of the cause here, this court is empowered by statute (Civ. Prac. Act, § 1304) to ascertain

"3. Whether, in making the determination, any rule of law affecting the rights of the parties thereto has been violated to the prejudice of the petitioner.

"4. Whether there was any competent proof of all the facts necessary to be proved in order to authorize the making of the determination."

Where there is "neither conflict of proof as to the existence of any facts nor conflict as to inferences to be drawn therefrom" this court lacks the power to reverse an order of the police commissioner which imposes punishment upon a police officer for violation of duty (*People ex rel. Regan* v. *Enright*, 240 N. Y. 194, 198), and it is loathe to disturb a determination when there are any facts present to support the commissioner's finding. (*Matter of Skinkle*, 221 App. Div. 682.)

It accordingly becomes necessary to ascertain from the record of the proceedings whether there was any competent proof of facts necessary to be proved in order to support the dismissal of petitioner, and whether there was a violation of any rule of law at the hearing affecting his rights.

The charges were as follows:

"I hereby charge Patrolman John Shea, #4312, of the Traffic 'E' Precinct with conduct unbecoming an officer, conduct prejudicial to the good order and efficiency of the Department, violation of the Rules and Regulations.

## "SPECIFICATIONS

in that

"1. Said Patrolman John Shea, while off duty and in civilian clothes, when seen at about 11:50 P. M. August 21, 1935, standing in front of premises 4187 Park Avenue, was apparently in an intoxi-

cated condition, but upon being examined at the 48th Precinct Station House, at or about 1:05 A. M., August 22, 1935, by Police Surgeon John J. Young, Surgical District #14, was found fit for duty.

"2. Said Patrolman John Shea, at about 11:50 P. M., August 21, 1935, while standing in front of 4187 Park Avenue was directed to go home which he refused to do."

When tried before a deputy police commissioner, petitioner pleaded guilty with an explanation. Upon the testimony of the complainant, Sergeant Eugene Jennings, and of the police surgeon, Dr. Young, together with petitioner's plea and explanation, the trial commissioner found Shea "guilty, as charged," and transmitted the entire proceedings to the police commissioner, who thereupon ordered petitioner's dismissal.

An examination of the charges shows that the first specification fails to set forth any offense and hence furnished no ground for dismissal. The rules and regulations annexed to the return of respondent which it would appear petitioner might have violated with respect to the first specification read as follows:

"175. A member of the Force shall not indulge in intoxicants while in uniform. While out of uniform, he shall not indulge in intoxicants to an extent unfitting him for duty. * * *

"C. Violation of this Rule shall be cause for suspension from duty in the discretion of the Police Commissioner."

A mere reading of the specification and of the quoted regulations establishes that, as to this alleged dereliction, petitioner was guilty of no transgression. The evidence adduced before the trial commissioner confirms this conclusion. It shows that the police surgeon who conducted an examination of petitioner at one-five A. M., on August 22, 1935, a little over an hour after he had been brought to the station house, found him fit for duty. To quote the words of the medical officer "his [petitioner's] condition was entirely satisfactory at the time of his examination."

As to the second specification, respondent claims that petitioner violated rule 237 of the rules and regulations, which reads as follows:

"237. A member of the Department shall promptly obey all lawful orders of his superior officers."

The testimony taken before the trial commissioner does not support the accusation that petitioner "while off duty" had failed to promptly obey a lawful order of a superior officer. Upon this charge, Sergeant Jennings' pertinent testimony was as follows: "I said, 'Why don't you go home?' He said he was off duty, and in civilian clothes, which he was, and he said he thought he had a right to stand where he was. I told him, 'If you don't go home, I will bring you into the station house and call a surgeon for you.'

So he didn't want to go home, so I brought him into the station house at 11:50, and at about 1:05 A. M. August 22nd Patrolman Shea was examined by Police Surgeon John J. Young, and he was pronounced fit for duty. He then left for home."

It thus becomes evident that the language employed by petitioner's superior officer in addressing the petitioner was not in the nature of an order or command; at most, it appeared to be a friendly suggestion to a policeman who was off duty and in civilian clothes. Petitioner's own testimony before the trial commissioner on the same subject sustains this view, for in setting forth his explanation, he testified as follows: " I was waiting outside for them [my friends] to come out, when Sergeant Jennings walked over to me and suggested to me that I should go on home."

A review of the evidence in the record shows that petitioner did not willfully ignore an order of a superior officer. The accused promptly obeyed the sergeant when the latter directed him to go to the station house for the purpose of submitting to an examination by a police surgeon and there is no suggestion that he did not immediately comply with every direction given him by a superior officer from the time he was told to go to the station house up to the time he was permitted to leave, over an hour later.

Petitioner's plea of guilty to a charge with an explanation did not create a punishable offense when the charge itself constituted no wrong. Under settled principles of law, if no crime is charged in an indictment, none is confessed by pleading guilty thereto (2 Wharton's Crim. Proc. [10th ed.] § 1341; Underhill's Crim. Ev. [4th ed.] § 277, p. 549; *People ex rel. Hogan* v. *French,* 119 N. Y. 493), and such plea does not prevent the defendant from attacking the indictment as charging no offense. (Wharton's Crim. Pl. and Pr. [9th ed.] § 413.)

When petitioner said he was guilty of the charge laid in the first specification, he said in effect that while off duty and in civilian clothes he was *apparently* in an intoxicated condition but when examined was found fit for duty. This was not a confession of any wrong. Before one charged with an offense may be adjudged guilty by confession or by trial, the facts must admit of an inference of guilt, of a conscious breach of discipline or of a voluntary violation of some rule, or some regulation of the department. The facts here admit of no such inference. The dismissal of petitioner based upon the first specification was accordingly a violation of rules of law, to his prejudice.

As to the charge set forth in the second specification, the evidence of the complainant, as already indicated, clearly established that petitioner had not disobeyed any command of his superior officer.

His plea of guilty to that charge was, therefore, meaningless. As to each charge there was lacking any competent proof of " facts necessary to be proved in order to authorize " petitioner's dismissal. In the *Hogan Case* (*supra*), where relator, as here, had pleaded guilty, the court in reversing the order of General Term and the police commissioner, who had ordered the dismissal of relator, said (at pp. 494, 495): " I am unable to resist the conviction that, upon the record returned to us in this case, the charge against the relator was wholly and essentially unproved, and that he was guilty of no offense whatever. The charge was ' conduct unbecoming an officer,' and the specification that at a named date and place he was so much under the influence of liquor as to be unfit for duty." And at page 498, the court stated: " It is said that he pleaded guilty. That is not true in any just or reasonable sense. He did admit that while on duty he was under the influence of liquor. That is all he admitted, and he did so in connection with other facts which amounted, not to a plea of guilty, but to an assertion of innocence. And so the charge against him was wholly unproved. There was not the least evidence to sustain it."

We recognize that the commissioner has a wide discretion in determining the nature and extent of the punishment to be imposed where the charges and the evidence in support of them show violations of some rule or regulation of the department or some breach of discipline. (*People ex rel. Regan* v. *Enright, supra; People ex rel. Morrissey* v. *Waldo*, 212 N. Y. 174; *People ex rel. McAleer* v. *French*, 25 N. Y. St. Repr. 536; affd., 119 N. Y. 502; *People ex rel. Von Bargen* v. *Bingham*, 134 App. Div. 919.) The commissioner's stand in enforcing strict discipline during the twenty-four hours of each day and in endeavoring to maintain a high standard of efficiency in his department is commendable and proper. However, there must be proof of guilt of a cognizable or punishable offense before any punishment may be inflicted upon a police officer accused of misconduct. Here there is no competent proof of facts necessary to be established in support of either specification sufficient to warrant the determination made by the commissioner.

It may be true that the petitioner's record in the department of which he has been a member since January 10, 1921, leaves much to be desired. Yet for past offenses he has in each instance been punished. Added punishment may not now be visited upon him unless his guilt of a cognizable offense has been proved. We are of the opinion that in this case petitioner was not shown to have violated any rule or regulation nor was there any legal evidence that he had been guilty of any breach of discipline.

In the circumstances, we believe that the commissioner was without power to impose any penalty upon the petitioner and that his removal was unauthorized.

The order of certiorari should be sustained, the determination of the respondent annulled, and the petitioner reinstated, with fifty dollars costs and disbursements to the petitioner.

MARTIN, P. J., McAVOY, O'MALLEY and UNTERMYER, JJ., concur.

Order of certiorari unanimously sustained, determination of respondent annulled, and the petitioner reinstated, with fifty dollars costs and disbursements to the petitioner.