■ In the Matter of the Estate of Eva K. Greene, Also Known as Eva Krisch, Deceased. Alfred Greene, Appellant; William S. Hermann, Jr., et al., Respondents.— Motion by respondent William S. Hermann, Jr., for leave to appeal to the Court of Appeals, and for a stay. Motion denied. Nolan, P. J., Beldock, Kleinfeld, Christ and Brennan, JJ., concur.

■ In the Matter of the Accounting of Bessie Sattler, as Committee of the Person and Property of Rachel Greenfield, an Incompetent Person, Respondent. Zella Hurwitz et al., Appellants; John J. Ryan, as Special Guardian, Respondent.— Motion by appellants for reargument and for leave to appeal to the Court of Appeals referred to the court that rendered the decision. Nolan, P. J., Beldock, Kleinfeld, Christ and Brennan, JJ., concur. Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.

■ In the Matter of Bill Sheriff, Petitioner, v. Hugh S. Coyle, as Justice of the Supreme Court for Dutchess County, Respondent.— Application pursuant to article 78 of the Civil Practice Act, to compel respondent, a Justice of the Supreme Court, to vacate his dismissal of a writ of habeas corpus and to sustain the writ. Application denied. The relief which petitioner seeks is not available under article 78 of the Civil Practice Act (see Civ. Prac. Act, § 1285). Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ In the Matter of the Incorporation of the Village of Atlantic Beach. Mabel F. McGirr et al., Appellants; Fred Lager et al., Respondents. — Motion by respondents to dismiss appeals insofar as they are taken from an order of the County Court, Nassau County, dated December 8, 1960. Motion granted. No further appeal lies from an order of the County Court affirming the decision of a Town Supervisor that the proposition, consent and papers filed as to the incorporating of a village comply with the requirements of the Village Law (Village Law, § 8; *Matter of Village of Belle Terre*, 228 App. Div. 843; *Matter of Village of Cedarhurst*, 121 App. Div. 576). Nor may such order be reviewed on an appeal to this court from the subsequent order of the County Court, dated February 10, 1961, sustaining an election on the proposition. Although section 18 of the Village Law states that such appeal to the Appellate Division "brings up for review all proceedings in the county court," that means the limited proceedings which the County Court could consider in making the subsequent order, namely, those pertaining to "questions relating to the validity or regularity of the election" (Village Law, § 17). Such proceedings do not include the preliminary proceedings with which the County Court was concerned in making the order of December 8, 1960. Ughetta, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.