Seymour B. Quel, J.
The motion to suppress is denied.
The information furnished by the informant was to the effect that a white car with a black top pulling a U-Haul trailer was coming into New York City with a load of unstamped cigarettes.
*26 The testimony was that information furnished by the same informant had led to several prior arrests and seizures of unstamped cigarettes. One of the prior arrests resulted in a conviction which occurred subsequent to the instant arrest. The cases involving the other prior arrests were pending and had not been disposed of at the time of the hearing in the instant motion to suppress.
The reliability of an informant may be established in part at least by the fact that he has given information leading to prior arrests (People v. Bay, 26 A D 2d 560). Moreover, even though the conviction based on information furnished by the same informant occurred after the instant arrest, I believe it may be considered in testing the. reliability of the informant. Conversely if an informant has been discredited by events occurring subsequent to the arrest, such fact can be taken into account in determining the question of his.reliability (cf. Matter of Mitchell v. Mulrooney, 242 App. Div. 48).
The description was sufficiently detailed to permit ready identification of the vehicle involved. Under all the circumstances there was probable cause for making the arrest and the search incidental thereto was lawful.
The defendant urges that failure to disclose the name of the informant precludes the People from urging that there was probable cause for the instant arrest. No hard and fast rule can be laid down as to whether the identity of an inf ormant must be disclosed. Such failure to disclose is a violation of a defendant’s constitutional rights only where such failure deprives defendant of a fair trial (McCray v. Illinois, 386 U. S. 300). I see no necessity for such disclosure in the instant case and the People’s failure to do so does not preclude them from urging that the arrest was based on probable cause.