Douglas F. Young, J.
Following a trial by jury the defendant was convicted of two counts of the sale of heroin and one count of possession with intent to sell. On the trial the evidence showed that the two sales were made nearly simultaneously, one to each of two undercover police agents. Present at the two sales was a civilian who was variously referred to as ‘1 the informant ”, “a known drug addict ”, or “ the witness ”. The officers also testified that in the company of the informant, a few days prior to the sales, they had gone to a public gathering place and at that time had met the defendant. The People did not call the informant and the defense made a demand that his identify be revealed. The court recessed the trial and held *24 an m camera proceeding in which the informant was called and was examined by the court under oath. Prior to this examination the People were required to submit to the court affidavits intended to show what prejudice would result to the People if the court compelled the revelation of the identity of the informant.
The defendant was asked to show, if he could, that the revelation of the identity of the informant would or might assist in his defense. The defendant was unable to do so.
The court nevertheless held that it would conduct an inquiry directed towards determining whether the revelation of the identity of the informant (thus making him available to be called by the defendant) would assist the defendant in repelling the People’s evidence.
The People submitted affidavits which the court found sufficient to show that removing the cover from the informant’s identity would be a substantial blow to law enforcement and particularly to the investigation and prosecution of drug and narcotic cases.
The court examined the informant under oath, in camera, concerning his knowledge of the two incidents, i.e., the prior meeting, and the sale. He testified in substance that he had known the defendant well prior to the meetings with the police officers; he had met the defendant in the company of the two undercover police officers a few days prior to the alleged crime; he had been present in the vehicle belonging to one of the officers, and in the company of the two officers, when the vehicle stopped in front of the defendant’s house and the defendant sold two glassine envelopes to the two police officers (one to each). The sworn statements of the informant corroborated the testimony given by the two police officers. The court advised the two counsel of the substance of the informant’s testimony and offered an opportunity to defense counsel to confer with the defendant and then to pose questions to the informant (through the court). The defendant did not avail himself of the opportunity.
The court made a finding that the information known to the informant would not be useful to the defendant and in fact would be damaging to his defense. The court thereupon ruled that as a matter of public policy and in accordance with the principle of informer’s privilege the People would not be required to reveal the identity of the informant since such a revelation was not necessary to the preservation of a fair trial.
*25 The court ordered that the record of the in camera proceeding be sealed and that it not be unsealed except by an appellate court in the event of an appeal.
The defendant objected to this procedure as being without authorization by statute or precedent.
There are some New York State decisions dealing with the obligation to reveal the identity of an informant but these involve preliminary hearings rather than a trial. (People v. Coffey, 12 N Y 2d 443, cert. den. 376 U. S. 916; People v. Malinsky, 15 N Y 2d 86; People v. White, 16 N Y 2d 270, cert. den. 386 U. S. 1008; People v. Pena, 18 N Y 2d 837; People v. Smith, 21 N Y 2d 698; People v. Verrecchio, 23 N Y 2d 489; People v. Griffith, 25 A D 2d 756; People v. Wertz, 51 Misc 2d 240; People v. Mills, 57 Misc 2d 25; People v. Irizarry, 64 Misc 2d 49; People v. Cerrato, 24 N Y 2d 1.)
I have not found any New York cases dealing with the question of preserving the secrecy of the informant’s identity at the trial. However, there are many cases in the Federal reports and in the reports of other States which deal with both preliminary hearings and trials. See the exhaustive analysis in Ann. 76 ALE 2d 262 and supplements, the cases annotated in West’s General Digest, 4th Series, under the topic heading “Witnesses, § 216”, and Wigmore, Evidence (McNaughton, rev., vol. 8, § 2374 et seq.).
The basic principles which apply to the issue of secrecy in preliminary hearings have been set forth in People v. Cerrato (24 N Y 2d 1, cert. den. 397 U. S. 940). I believe this is applicable to trials.
“ The need to protect the government’s privilege of nondisclosure of the identity of informants to encourage citizens to communicate their knowledge of crime to law enforcement officials is self-evident and has recently been reaffirmed by the Supreme Court (p. 6).
“ However, the public interest in effective law enforcement must be balanced against defendant’s interest in disclosure * * * The government’s privilege of non-disclosure * * * is limited by the ‘fundamental requirements of fairness ’ ” (p. 6).
The justification for the procedure adopted during the trial in this case has been stated in a lucid concurring opinion by Judge McLaughlin of the Third Circuit Court of Appeals (United States v. Day, 384 F. 2d 464). In that opinion the Judge discusses two of the leading cases, McCray v. Illinois (386 U. S. 300) and Roviaro v. United States (353 U. S. 53) *26 and then states (p. 469) the crux .of the matter: “ In most situations the accused will demand disclosure in the hope that the informer’s testimony can substantiate his defense. But if disclosure on a mere supposition is required in every instance the interests of law enforcement in combatting the illegal narcotics traffic will be detrimentally affected by the emasculation of its only effective weapon — the informer.”
The Judge went on to say, and here I summarize in the interest of brevity, that if the trial court rules arbitrarily against disclosure and if the informant is the only witness who could lend credence to defendant’s story, then a due process question arises. Thus some knowledge on the part of the Judge is required as to what information the informant actually possesses. Therefore, Judge McLaughlin’s opinion continues, the procedure employed by the Trial Judge in that case of holding an in camera examination of the informer under oath concerning the possible usefulness of his testimony to the defense was of great value.
Judge McLaughlin then points out that in dealing with the informer privilege the power to rule on the question of disclosure is vested by Roviaro (supra) in the Trial Judge. Therefore, the Judge (p. 470) 11 must be allowed to rely on the investigative powers at his disposal if he is to render an enlightened and just decision”. (See, also, new Note 2a in the 1970 supplement to Wigmore [op. cit.] at the reference to p. 765 and § 2374 of the main text).
In other Federal cases in camera proceedings were held on this issue. In United States v. Winters (420 F. 2d 523 [C. A. 3d]) and United States v. Jackson (384 F. 2d 825 [C. A. 3d], cert. den. 392 U. S. 933) the courts approved that procedure. In the case of United States v. Lloyd (400 F. 2d 414, 417 [C. A. 6th]) the court called attention to the Jackson holding (supra) and remanded the case to the District Court to “hold an in camera hearing for the purpose of determining whether disclosure of the informer’s identity would have been relevant and helpful to the defendant in presenting her defense ”.
Some subsidiary considerations should be disposed of. There are conflicting holdings on the issue of whether the defendant must make a showing of prejudice to support his demand for disclosure. In my view, it is not reasonable or realistic to require a showing of specific facts as in most cases a defendant is simply unable to comply even though he might be entitled to disclosure if the facts were known.
*27 There is also a division of opinion on the question of whether the People must disclose identity when the agent or informer was a witness to the transaction. (Rivera v. Superior Court, 6 Ariz. App. 117; see other cases collected in 76 ALR 2d 262, § 8 [b] and the supplements thereto.)
Assuming it has been shown that the informer was a witness or was present within ear shot and clear view, it is still a question of whether the testimony which the informer gave in camera could in__gny way or degree aid the defendant on the trial. Here the in camera inquiry demonstrated that it would not. I hold that to be the determining factor. (United States v. Jackson, supra. See, also, cases in 76 ALR 2d 262, §§ 8, 9.)
I see no Sixth Amendment right of confrontation issue here. (McCray v. Illinois, supra, pp. 313 and 314.) McCray dealt with a preliminary hearing but I believe it to be applicable also to this case.
The defendant requested a charge to the jury that the failure of the People to call the informer would permit an inference that the testimony, if produced, would be unfavorable to the prosecution. This was refused by the court.
With a reference to the case of Graves v. United States (150 U. S. 118) the Third Circuit passed on this issue, saying: “ The holding in Graves allows the presumption of unfavorableness to arise only when the Government fails to call someone who would qualify as a witness. When a court denies disclosure in accord with the Boviaro privilege it is in effect ruling that the Government has the privilege to disqualify the informer as a witness. Clearly, if the court allowed the defense counsel to make such inferential statements it would be penalizing the Government for invoking its lawful privilege and would be taking the inconsistent position of condoning remarks which cut against the rationale of the court’s previous ruling on disclosure— that the informer possessed no information relevant or helpful to the defense of the accused.” (United States v. Jackson, supra, p. 828).
I accept and adopt this reasoning as applying to the defendant’s request to charge.