THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAISY DELGADO, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered September 21, 1971, convicting her of criminally selling a dangerous drug in the third degree (two counts) and criminal possession of a dangerous drug in the sixth degree (two counts), upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Rabin, P. J., Munder, Brennan and Benjamin, JJ., concur; Hopkins, J., concurs in the result, with the following memorandum: Defendant raises several issues, but I address myself only to one — whether she was denied due process when the trial court held an *in camera* hearing at which the testimony of an informer was taken, defendant and her counsel being denied the right to be present. The evidence at the trial established that an undercover detective was introduced to defendant by a confidential informer. Two days later the detective purchased heroin from defendant and several days thereafter a purchase of hashish was made by the detective from defendant. Both sales were witnessed by other detectives stationed nearby. The indictment against defendant was based on these two sales. Some four months later defendant was arrested when the police entered her home to execute a search warrant. At the trial, defendant challenged the validity of the warrant on the ground that the reliability of the undisclosed informer had not been proved. The trial court then held an *in camera* hearing at which the informer was interrogated by the court not in the presence of defendant or counsel. As a result of the questioning, the court concluded that the warrant had been issued on information not supplied by the informer and that, indeed, the informer had not been present when the sales of contraband occurred. The court then directed that the record of the interrogation be sealed. The sealed record has been examined on this appeal and I am satisfied that the trial court's conclusion is correct. In any event, the conviction of defendant rests on the acceptance by the jury of the credibility of the testimony of the detectives (denied by defendant) that the sales of narcotics were made by her four months before the execution of the search warrant and the arrest of defendant. I see no harm to defendant, therefore, in the method adopted by the trial court in interrogating the informer in private. It is clear that the identity of the informer would be revealed if a defendant were permitted to participate in the questioning of the informer during a hearing whereby the court obtains the facts and circumstances upon which it determines whether the identity and reliability of the informer shall be made known (cf. *People* v. *Nettles*, 34 Ill. 2d 52; *State* v. *Cookson*, 361 S. W. 2d 683

[Mo.]). It is essential, however, that a record of the trial court's interrogation shall be preserved — as was done in this case. I think that in addition the defendant and his counsel, as well as the prosecutor, should be asked by the court to submit in writing any questions which they desire the court to direct to the informer. The substance of the testimony should be divulged to both sides (see *People* v. *Green,* 69 Misc 2d 23). The entire record should then be sent to the reviewing court in the event of an appeal. In this case the failure of the trial court to seek questions from defendant or her counsel was not prejudicial, since disclosure would not have been warranted. The informer was not a witness to the sales of the contraband and the search warrant was not founded on any information from the informer. I therefore concur in the affirmance of the judgment of conviction.