HORAN v. FLEMING, Commissioner of Public Safety.

(Supreme Court, Appellate Division, Second Department. February 17, 1911.)

1. MUNICIPAL CORPORATIONS (§ 185*)—POLICE OFFICERS—PUNISHMENT FOR MISCONDUCT—REVIEW.

The court on appeal under Second-Class Cities Law (Consol. Laws, c. 53) § 138, as amended by Laws 1910, c. 266, authorizing appeals from the determination of the commissioner of public safety, that a police officer

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was guilty of misconduct will not review the commissioner's conclusions of fact resting on conflicting evidence.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 185.*]

2. MUNICIPAL CORPORATIONS (§ 185*)—POLICE OFFICERS—MISCONDUCT.

A charge that a police officer made an unprovoked assault of a serious character on a citizen is within Second-Class Cities Law (Consol. Laws, c. 53) §§ 133, 137, authorizing rules for the government of police officers, and for a hearing on charges of dereliction of duty, incompetency to perform the same, and a delinquency seriously affecting fitness for the office, though the offense is designated in the charge as conduct unbecoming an officer.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 185.*]

Appeal from Order of Commissioner of Public Safety.

Proceedings before James J. Fleming, Commissioner of Public Safety of the City of Yonkers, for the punishment of Michael Horan, a police officer of the city for misconduct. From an order of the commissioner finding the officer guilty and imposing a punishment, he appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

F. X. Donoghue, for appellant.
Thomas F. Curran, for respondent.

RICH, J. This appeal is from an adjudication of the commissioner of public safety of the city of Yonkers, adjudging the appellant, a police officer of said city, guilty of an unprovoked assault upon one William Donnelly, and ordering him punished therefor by the withholding of 25 days' pay. The appeal is taken under the provisions of section 138 of the second-class cities law (Consol. Laws, c. 53), as amended by chapter 266, Laws 1910, and brings before us for review questions of law only. There was sufficient evidence to require the determination by the commissioner of the question of fact, and his conclusion resting upon conflicting evidence will not be reviewed in this court.

Charges were preferred against the appellant by Donnelly of conduct unbecoming an officer, with a statement that specifications were contained in an annexed affidavit, in which Donnelly swore that at about 10 o'clock p. m. on June 20, 1910, he was on Sawmill River road, near the circus ground, in an express wagon waiting for passengers coming from the circus, when the appellant took hold of his horse by the head and swung him off to one side; that he said to the appellant, "Let go of my horse," whereupon the latter came over to the deponent, struck him over the head with a club, then arrested him, and took him to the police station, from which he was sent to St. John's Hospital to have his head dressed; that the following morning he was arraigned in court on the charge of having been at the time of his arrest drunk and disorderly, and was discharged. On the same day that the charge was filed with the commissioner a notice was served upon the appellant requiring him to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

appear and answer the same on June 27th. On the day fixed the appellant appeared before the commissioner in person and by counsel, a hearing was had, and the appellant convicted. A motion was made to dismiss the complaint at the commencement of the proceeding, upon the ground that it did not allege any offense of which the commissioner had jurisdiction, and renewed at the close of the testimony. The motions were denied and exceptions taken.

It is contended upon this appeal that these exceptions present reversible error, for the reason that the commissioner had no authority under the provisions of sections. 133 and 137 of the second-class cities law or jurisdiction to try the appellant for the offense charged. This contention rests upon the assumption that because the charge characterized the offense as "conduct unbecoming an officer," which is not specifically named in the sections referred to, the appellant could not be convicted of such offense. Section 133 provides for the making, adopting, and enforcing by the commissioner of public safety of rules, orders, and regulations "for the government, discipline, administration and disposition of the officers and members of the police and fire departments, and for the hearing, examination, investigation, trial and determination of charges made or prepared against any officer or member of said departments for neglect of official duty or incompetency or incapacity to perform his. official duties or some delinquency seriously affecting his general character or fitness for the office, and may, in his discretion, punish any such officer or member found guilty thereof by reprimand, forfeiting and withholding pay for a specified time, suspension during a fixed period or dismissal from office; but no officer or member of said departments shall be removed or otherwise punished for any other cause," etc. Section 137 provides:

"If a charge may be made by any person against any officer or member of the police or fire departments that he has been negligent or derelict in the performance of his official duties, or is incompetent or without capacity to perform the same or is guilty of some delinquency seriously affecting his general character or fitness for the office, the charge must be in writing, * * * and a copy thereof must be served upon the accused officer or member. The commissioner shall then proceed to hear, try and determine the charge."

The balance of the section relates to the manner of hearing, trial, punishment, reinstatement, etc.

As no complaint is made in the case at bar of any departure from the proceedings thus marked out, it is unnecessary to devote any time to their consideration. It is entirely immaterial by what name the charge designates the offense complained of. If the specification (or in this case the affidavit taking its place) sets forth the commission of acts which come within the fair meaning and intendment of the offenses which the statute authorizes the commissioner of public safety to hear, determine, and punish, he is not deprived of jurisdiction by the fact that in the formal charge the offense which the acts designated constitute is characterized by a name other than that used in the statute. While in the charge under consideration the offense stated is "conduct unbecoming an officer," the acts set forth in the af-

fidavit as constituting such offense are clearly within the terms used in the statute. A police officer who makes an unprovoked assault of a serious character upon a citizen is "derelict in the performance of his official duties," "incompetent to perform the same," and is guilty of a "delinquency seriously affecting his fitness for the office," within the meaning of those terms as used in the statute. The commissioner of public safety had jurisdiction to hear, try, and determine the charge.

The record presents no reversible errors, and the determination and order must be affirmed. All concur.