NOLAN v. COLE, Commissioner of Public Safety.

(Supreme Court, Appellate Division, Third Department. May 7, 1913.)

1. MUNICIPAL CORPORATIONS (§ 185*)—SUSPENSION AND REMOVAL OF POLICEMEN—SUFFICIENCY OF EVIDENCE.

In a proceeding for the removal of a policeman, evidence *held* to support the conclusion of the commissioner of public safety that defendant was guilty of a ·violation of rules and of conduct prejudicial to the welfare of the department.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

2. MUNICIPAL CORPORATIONS (§ 185*)—SUSPENSION AND REMOVAL OF POLICEMEN—CHARGES.

Under Second Class Cities Law (Consol. Laws 1909, c. 53) § 137, as amended by Laws 1910, c. 266, providing that, if a charge be made against any officer or member of the police department that he has been guilty of some delinquency seriously affecting his general character or fitness for the office, the charge must be in writing and a copy must be served upon the accused officer or member, and that the commissioner of public safety shall then proceed to hear, try, and determine the charge, where the specifications of a charge showed a delinquency seriously affecting defendant's character or fitness, it was immaterial that the formal charge was of a violation of a rule of the police department forbidding patrolmen to leave their post while on duty, except in the discharge of police duty.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

3. MUNICIPAL CORPORATIONS (§ 185*)—SUSPENSION AND REMOVAL ··OF POLICEMEN—GROUNDS OF REMOVAL.

Following a young woman upon private grounds, placing his hands upon her, and making insulting proposals was "delinquency seriously affecting the general character or fitness for office" of a policeman, within Second Class Cities Law (Consol. Laws 1909, c. 53) § 137, as amended by Laws 1910, c. 266, authorizing removal on that ground.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. MUNICIPAL CORPORATIONS (§ 185*)—SUSPENSION AND REMOVAL OF POLICE-
MEN—REVIEW.

> On an appeal to the Appellate Division from a determination of the
> commissioner of public safety of a city removing a police officer, where
> there was some evidence to support the commissioner's findings, the de-
> termination would not be disturbed, since under the express provisions
> of Second Class Cities Law (Consol. Laws 1909, c. 53) § 138, as amended
> by Laws 1910, c. 266, only questions of law are reviewable upon such an
> appeal.

> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
> 492–509; Dec. Dig. § 185.*]

Appeal from Order of Commissioner of Public Safety, City of
Schenectady.

Proceeding before John E. Cole, as Commissioner of Public Safety
of the City of Schenectady, against Daniel A. Nolan, a police officer.
From a determination of the Commissioner, convicting the defendant
of a violation of rules and conduct prejudicial to the welfare of the
department, the defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-
ARD, and WOODWARD, JJ.

Del B. Salmon, of Schenectady, for appellant.

Frank Cooper, Corp. Counsel, of Schenectady, for respondent.

WOODWARD, J. Anna Thiel, a domestic servant employed in
the city of Schenectady, filed charges against Daniel A. Nolan before
the commissioner of public safety of that city, alleging that he had
been guilty of "violating rule 58, section 8, of the rules and regula-
tions for the government of the police department of the city of
Schenectady, New York." Rule 58 provides that:

> "Patrolmen while on duty must not enter any house or leave their post, ex-
> cept in the discharge of police duty; and if required by any person under
> any circumstances to leave post in discharge of police duty, they shall re-
> port the same to the first sergeant whom they may meet thereafter, giving
> the time and circumstances of such call and the time of return to post; they
> shall also make report at station house."

The complainant's specifications to the charge were somewhat more
comprehensive than the charge itself. She claimed that on the 9th
day of November, 1912, at or about 11:30 in the evening of that
day, the said Daniel A. Nolan left his post, not in the discharge
of any police duty, and followed the complainant to the rear door
of her place of employment at 910 Union street, in the city of
Schenectady, N. Y., and then and there did interfere with, lay hands
on, and insult the complainant, by making indecent proposals and
exposing his person, and otherwise acting in a manner unbecoming
a police officer and prejudicial to the discipline of the department.

[1] The appellant was served with a copy of the charge and speci-
fications, and put in a general denial of the matters charged. Upon
the trial the complainant testified in some detail to the matters set
forth in her specifications. She was corroborated to some extent by
the testimony of the conductor on the street car upon which the

---

complainant and Nolan rode prior to the alleged assault. Nolan produced some witnesses, who had seen him at various times during the evening of the alleged assault, which tended to show that he was not at the place of the assault at 11:30 p. m.; but none of this testimony was conclusive. Making reasonable allowances for variations in timepieces, and for the mistakes which might be made in the estimates as to the time, we cannot say that the evidence does not support the conclusion of the commissioner of public safety, who found Nolan guilty of the matters charged against him and dismissed him from the force.

[2, 3] It seems to us immaterial that the formal charge was that of a violation of rule 58. The specifications clearly bring the case within the provisions of section 137 of the Second Class Cities Law, as amended by chapter 266 of the Laws of 1910, and it was held in Horan v. Fleming, 143 App. Div. 131, 133, 127 N. Y. Supp. 654, that it was entirely immaterial what name was given to the charge, so long as the specifications showed conduct to be within the scope of section 137 of the Second Class Cities Law (Consol. Laws 1909, c. 53). Clearly an unprovoked assault upon a young woman, following her upon private premises, and making insulting proposals to her, is not such conduct as we have a right to expect from a police officer, and one who is guilty of such conduct is certainly "guilty of some delinquency seriously affecting his general character or fitness for the office"; this being one of the provisions of the section of the statute now under consideration.

[4] Only questions of law are reviewable upon this appeal, under the provisions of section 138 of the Second Class Cities Law, and, there being evidence to support the findings of the commissioner, we see no reason for granting any relief in this case.

The determination of the commissioner should be affirmed, with costs. All concur.