QUAY v. WEGE.

(Supreme Court, Appellate Division, Third Department.   July 8, 1913.)

1. MUNICIPAL CORPORATIONS (§ 185*)—POLICE—DISMISSAL—SUFFICIENCY OF EVIDENCE.

Evidence on a patrolman's appeal from his dismissal from the police department after hearing of charges *held* sufficient to justify a conclusion of the commissioner of public works that there had been a violation of the rule requiring an officer to report upon the circumstances attending his leaving his beat while on duty.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

2. MUNICIPAL CORPORATIONS (§ 185*)—DISMISSAL OF POLICEMEN—REVIEW.

Upon a review of hearings by the commissioner of public safety on charges against a policeman, questions of law alone are presented.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

Appeal from Commissioners of Public Safety.

In the matter of charges preferred by Wellington Quay against Patrolman Fred Wege.   From the decision of the commissioner of public safety of the city of Schenectady dismissing Wege from the police department after the hearing of charges, he appeals.   Determination of the commissioner confirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Del B. Salmon, of Schenectady, for appellant.
Frank Cooper, Corp. Counsel, of Schenectady, for respondent.

WOODWARD, J.   One Wellington Quay on the 16th day of October, 1912, preferred charges against Fred Wege, a patrolman, alleging a violation of rule 58, § 8, of the rules and regulations for the government of the police department of the city of Schenectady.   The specifications furnished alleged that said patrolman Fred Wege did "on the fifteenth day of October, 1912, at about 10:15 o'clock in the morning of that day, leave his post, not in the discharge of any police duty, and enter my house situate at No. 29 Osterlitz avenue in the city of Schenectady, New York," and that "said Patrolman Fred Wege upon information and belief failed to report to the first police sergeant whom he met thereafter, giving the time and circumstances of such leaving of his post and return thereto," and also failed to report such transaction at the station house upon his return thereto.

[1]   There is no question raised as to the regularity of the proceedings upon these charges, and the evidence justified a finding that the said patrolman had on the date mentioned left his beat and entered the residence of the complainant, evidently upon the invitation of the complainant's wife, entering the house without any of the usual formalities and closing the door after him, whereupon the complainant and his brother, who had been watching, came across the street, the complainant firing several shots from a revolver, and the patrolman

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

leaving complainant's house ·by a rear door and running away, and that no report of this occurrence was made as required by the rules of the police department enacted under the authority of the Second-Class Cities Law (Consol. Laws 1909, c. 53). Complainant's wife says that she called the officer in to make inquiries of him in relation to her rights as a wife, because of complaints made by her husband, and if the commissioner of public safety had believed the story, and it had the elements of good faith about it, there would be no question that the leaving of his post would have been justified, but no good reason suggests itself why, if the story was true, the officer should not have made a report of the circumstances, which seem important enough to have attracted his attention. The complainant and his brother both appear to have been armed with pistols or revolvers, and to have fired them in the public streets of Schenectady, contrary to the provisions of sections 1897, 1898, and 1906 of the Penal Law (Consol. Laws 1909, c. 88), and the firing of the shots appears to have grown out of this advisory visit of Wege to the home of the complainant, and failure to report these circumstances clearly justified the commissioner of public safety in reaching the conclusion that there had been a violation of the rule which required an officer to report upon the circumstances attending his leaving his beat while on duty.

[2] It is well established that, upon a review of hearings of this character, questions of law alone are presented, and, the evidence being sufficient to support the findings of fact, it is the duty of this court to support the determination of the commissioner of public safety, who is charged with the duty of maintaining the efficiency of the police department.

The determination of the commissioner should be confirmed, with costs. All concur.