In the Matter of GEORGE S. SKINKLE, Respondent. ROBERT J. MURRAY, General Manager and Commissioner of Public Safety of the City of Watervliet, Appellant.

(Argued October 3, 1928; decided October 16, 1928.)

*Joseph D. Foley, Corporation Counsel,* for appellant. The decision of the Special Term dismissing the appeal on jurisdictional grounds being final and conclusive, an order of certiorari should not have been granted to review the decision of the Commissioner of Public Safety. (*People ex rel. Miller* v. *Peck,* 73 App. Div. 89; *Cougle* v. *O' Keefe,* 200 App. Div. 838; *Quay* v. *Wege,* 158 App. Div. 129; *Matter of Van Order,* 157 App. Div. 4; *Nolan* v. *Cole,* 157 App. Div. 44.)

*Kenneth S. MacAffer* for respondent. The relator was entitled to a review by certiorari. (*People ex rel. O'Callahan* v. *French,* 123 N. Y. 636; *People ex rel. Masterson* v. *French,* 110 N. Y. 494; *Matter of Van Order,* 157 App. Div. 4; *People ex rel. Dwyer* v. *MacAffer,* 202 App. Div. 14; *People ex rel. Winspear* v. *Kreenhader,* 197 App. Div. 887; *People ex rel. Scrafford* v. *Steadman,* 57 Hun, 280; *People ex rel. Lewis* v. *Daley,* 4 Hun, 641; 67 Barb. 325; *Mills* v. *Parkhurst,* 126 N. Y. 89.)

CRANE, J. Chapter 462 of the Laws of 1918, being the charter of the city of Watervliet, provides for the removal or discipline of an officer by the Commissioner of Public Safety upon written charges after a hearing. Section 148 provides for a review of the Commissioner's determination in the following manner:

" In case any such officer or member is aggrieved by the determination of the commissioner on any trial of charges as specified in the preceding section, on jurisdictional grounds, he may, within thirty days after the rendering of such determination, take an appeal therefrom to the supreme court, at any special term thereof, held within the judicial district in which the city is situated. Upon such appeal the decision of the court shall be final and conclusive."

George S. Skinkle was dismissed from the police force by the Commissioner after a hearing. He appealed to the Special Term which reviewed the merits of his case and reinstated him. (*Matter of Skinkle,* 130 Misc. Rep. 8.) On appeal the order of the Special Term was reversed on the ground that the Special Term had no power to review the case on the merits but could only pass upon jurisdictional questions. The matter was remitted to the Special Term for a hearing upon these grounds. (*Matter of Skinkle,* 221 App. Div. 682.) The Special Term upon rehearing dismissed Skinkle's appeal as there was no jurisdictional error committed by the Commissioner.

The police officer had also obtained an order of certiorari

to review the determination of the Commissioner on the facts. The Appellate Division concluded that the determination of the Commissioner of Public Safety should be annulled, dismissed the charges and restored the relator to his position as an officer of the police force of the city of Watervliet.

It is this determination of the Appellate Division which has been appealed to this court.

The appointment and removal of police officers are within legislative control subject to article V, section 6, of the Constitution. The Legislature could have provided that the decision of the Commissioner of Public Safety would be final and conclusive, not subject to review by any court. (*People ex rel. Miller* v. *Peck*, 73 App. Div. 89.)

In the Second Class Cities Law, article 9, we find in section 138, relating to the Department of Public Safety, that an aggrieved officer may appeal from the determination of the Commissioner to the Appellate Division on questions of law.

This means that the Appellate Division cannot review any finding of fact made by the Commissioner if supported by any evidence. (*Matter of Van Order* v. *Commissioner of Public Safety of the City of Troy*; 157 App. Div. 4; *Cougle* v. *O' Keefe*, 200 App. Div. 838.) Section 138 is the only authority for an appeal in such cases, and excludes a review on certiorari.

The charter of the city of Watervliet, above referred to, must receive a like construction. Section 148 of that charter provides the only remedy for an aggrieved officer; he may appeal to the Special Term on jurisdictional grounds only. This would include the right to determine whether there was any evidence to sustain the action of the Commissioner, but it would not give the Special Term or the Appellate Division the right to review the findings of fact. Except for jurisdictional grounds the determination of the Commissioner is final.

The order of the Appellate Division should, therefore, be reversed, and the proceeding dismissed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Order reversed, etc.