In the Matter of the Application of JOSEPH J. RYAN, Appellant, for an Order Pursuant to Article 78, and More Particularly Subdivisions 6 and 7 of Section 1296 of the Civil Practice Act, against J. FRANK HAND, as Fire Commissioner of the City of Mount Vernon, Respondent, Annulling the Determination of the Respondent in Finding Petitioner Guilty of Charges Preferred and Directing that Petitioner Be Exonerated and Fine Remitted Forthwith.— Order granting respondent's motion to dismiss the petition herein for an order under article 78, Civil Practice Act, unanimously affirmed, with ten dollars costs and disbursements. The redress of petitioner's alleged grievance is controlled exclusively by section 127-f of the Charter of the City of Mount Vernon. [See Laws of 1922, chap. 490, § 127-f, added by Local Laws of 1928, No. 1 (Mount Vernon).] He may not, therefore, have recourse to article 78 of the Civil Practice Act. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

In the Matter of Supplementary Proceedings: YONKERS SAVINGS BANK, Judgment Creditor, v. STANLEY PIOTROWSKI, Judgment Debtor. In the Matter of Supplementary Proceedings: YONKERS SAVINGS BANK, Judgment Creditor, v. STANLEY PIOTROWSKI, Judgment Debtor. PHILIP SANDLER, Plaintiff, v. STANLEY B. PIOTROWSKI, Defendant. PHILIP SANDLER, Appellant; YONKERS SAVINGS BANK and GEORGE GELBMAN, Receiver, etc., Respondents.— Order of the City Court of Yonkers permitting the Comptroller of the State of New York to pay the amount of a refund on a liquor license to a receiver upon condition, extending receivership, vacating judgment entered on confession, and denying appellant's cross-motion to amend the confession of judgment, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

ALMA EVANS JACKSON, Respondent, v. ISAAC DICKMAN, IRVING DICKMAN, JOSEPH DICKMAN and JULIUS DICKMAN, Copartners, Doing Business under the Firm Name and Style of I. DICKMAN & SONS, Appellants; ANTHONY M. LOTERO, Defendant. WILLIAM HART, Respondent, v. ISAAC DICKMAN, IRVING DICKMAN, JOSEPH DICKMAN and JULIUS DICKMAN, Copartners, Doing Business under the Firm Name and Style of I. DICKMAN & SONS, Appellants; ANTHONY M. LOTERO, Defendant.— Action to recover for personal injuries sustained by plaintiffs when defendant Lotero's car struck motorcycle on which plaintiffs were riding. Judgment reversed on the facts and a new trial granted, with costs to appellants to abide the event. Plaintiffs proved facts sufficient to constitute a cause of action, but the verdict of the jury is against the weight of the evidence. Lazansky, P. J., Hagarty and Close, JJ., concur; Johnston and Taylor, JJ., concur as to reversal of the judgment but dissent as to granting a new trial and vote to dismiss the complaints on the ground that there was no causal relation between any negligent act on the part of Fox, the driver of the truck, and the striking of the motorcycle by defendant Lotero's car.

GLENORA KENNEY, Respondent, v. DAVID S. HERMAN, Appellant.— Action for damages for personal injuries consequent upon a burn, resulting from the application of improperly covered hot water bottles to the body of the plaintiff while being treated by the defendant. Judgment for the plaintiff unanimously affirmed, with costs. No opinion. Present — Hagarty, Carswell, Adel, Taylor and Close, JJ.