### (October 31, 1945.)

In the Matter of SEYMOUR A. COLE, Petitioner, against RAY LYBOLT et al., Constituting the Board of Fire and Police Commissioners of the City of Fulton, Respondents.— Determination annulled and petitioner ordered reinstated, with $50 costs and disbursements. Memorandum: In substance, the charges accused petitioner of conduct unbecoming a police officer, rendering him unfit to discharge his duties as Chief of Police of Fulton, N. Y. The City Charter of Fulton (§ 113; L. 1902, ch. 63, as amd.) required the police commissioners to prescribe rules and regulations for the government and discipline of the police department and the officers and members thereof. The Charter (§ 135) provides that charges "must be put in writing in the form required by the rules of the police department" and the commissioners must "hear, try and determine the charges, according to the rules of the police department." Whether or not the charges were in the form required by the rules of the police department or whether they were determined according to such rules does not appear as the rules and regulations were not introduced in evidence and are not before us. Subdivision 2 of section 17 of the Charter as amended by chapter 533 of the Laws of 1919 provides that city officers appointed for an indefinite term, as was petitioner, can be removed only "if the charges are sustained by a

preponderance of evidence." The women, who preferred and verified the charges, allege that petitioner spoke and acted before them in the presence of a school girl, about sixteen, and that the speech and conduct of the petitioner annoyed and embarrassed them. The weight of the evidence convinces us that the complainants were neither annoyed nor shocked by anything the petitioner said or did at the time charged. The school girl testified that nothing that she heard the petitioner say or saw him do either annoyed or embarrassed her. The women complainants took no action against the petitioner until the respondents, some four weeks after the event, sent a police officer to interview them and it was then that they prepared the charges against the petitioner. We find that the charges were not sustained by a preponderance of the evidence. If the charges had been sustained by a preponderance of the evidence, the language and conduct complained of, under the circumstances disclosed in the record, would neither have affected petitioner's ability to fully discharge the duties of his office nor would they have seriously affected his general character, hence they would not have amounted to such misconduct upon his part, as to have required or to have justified his removal from office. (*Matter of Van Order,* 157 App. Div. 4, cited in *Matter of Skinkle,* 249 N. Y. 172, 174.) All concur, except Larkin, J., who dissents and votes to confirm the determination. (Proceeding to review the determination of respondents in removing petitioner as Chief of Police of Fulton.) Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ.