In the Matter of JOHN GRAY, Petitioner, against OSCAR L. SPEARS, as Commissioner of the Department of Public Safety of the City of Mount Vernon, Respondent.

Supreme Court, Special Term, Westchester County, December 10, 1954.

*Harry Zimmerman, Corporation Counsel (Philip Scarpino* of counsel), for respondent.

*Edward B. Willing* for petitioner.

BRENNAN, J. The petitioner, who is an honorably discharged veteran of World War II, has instituted this proceeding under article 78 of the Civil Practice Act to review the determination of the respondent, commissioner of public safety of the City of Mount Vernon, dismissing said petitioner as a patrolman in the police bureau of the department of public safety.

Upon the return date of this proceeding, the respondent moved to dismiss the petition, upon the ground that under section 120

of the Charter of the City of Mount Vernon, the exclusive remedy afforded to the petitioner for redress of his alleged grievance consists of an appeal to the Appellate Division on questions of law only. It seems clear that in the case of nonveterans, the respondent's contention is fully supported by the holding made in *Matter of Ryan* v. *Hand* (258 App. Div. 912). However, the petitioner herein, relying upon the provisions contained in subdivision 1 of section 22 of the Civil Service Law, asserts that since he is an honorably discharged veteran, there is also available to him the right to review the determination in question in a proceeding instituted under article 78 of the Civil Practice Act. Although it is true that the aforesaid subdivision of section 22 of the Civil Service Law does, among other things, grant to a veteran such a right of review, yet it should be noted that subdivision 3 of said section 22 provides that "Nothing herein contained shall be construed to repeal or modify any general, special, local law or charter provision relating to the removal or suspension of officers or employees in the competitive class of the civil service of the state or any city or any civil division."

This court agrees with the view expressed in *Matter of Cugell* v. *Monaghan* (201 Misc. 607, 614), where it was held that the quoted provisions of subdivision 3 of section 22 of the Civil Service Law should be construed as affecting all of said section 22. Under such a construction, the above-mentioned provisions of subdivision 1 of section 22 of the Civil Service Law do not supersede, or grant a right of review beyond that which is provided for in the provisions of section 120 of the charter of the City of Mount Vernon. Further, this court is of the opinion that the right to review the subject determination dismissing the petitioner herein as a patrolman in the police bureau of the City of Mount Vernon is an incident of and relates to the removal of an employee in the competitive class of the civil service of that city. Accordingly, the respondent's motion is granted and the petition herein is dismissed.

Perhaps it would not be amiss to note that in his brief, the petitioner concedes that pursuant to section 120 of the Charter of the City of Mount Vernon, he has filed a timely appeal to the Appellate Division. However, in resisting the instant motion, the petitioner seems to be motivated by the belief that in a proceeding under article 78 of the Civil Practice Act, he would have the right to a review of the facts generally, wherein consideration may be given to his contention that the subject determination was and is contrary to the weight of the evidence. In such belief he is in error, for in a proceeding under article 78

brought to review a determination of removal or suspension, all that is required by way of proof is that the determination be founded on " substantial evidence "; and no general review may be had on the facts. (*Matter of Miller* v. *Kling*, 291 N. Y. 65; *Matter of Humphrey* v. *State Ins. Fund*, 298 N. Y. 327.) If there was no " substantial evidence " to support the determination made, then the same would be erroneous as a matter of law; and a contention that such " substantial evidence " does not exist may constitute an issue of law. (Cf. *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241.)

Settle order on notice.