In the Matter of ANTHONY CAPUTO, Appellant. CITY OF SCHENECTADY, Respondent.

Third Department, May 8, 1957.

*Amedeo H. Volpe* for appellant.

*Charles Ward Brown, Corporation Counsel,* for respondent.

*Per Curiam.* Appellant has been dismissed from the position of patrolman in the Schenectady police department by the Schenectady city manager after a hearing. The determination is reviewed here by appeal in pursuance of section 138 of the Second Class Cities Law.

The charge is that appellant while on duty as a policeman " escorted a 16 year old girl in a surreptitious manner from a public street into a abandoned building, into which he forced

entry for the purpose of carrying on clandestine relations with such female '' which was '' prejudicial to good order, efficiency and discipline '' of the department.

However broad or narrow may be our general power of review under article 78 of the Civil Practice Act, the power granted the court by section 138 of the Second Class Cities Law, on appeal is expressly circumscribed and must rest upon '' questions of law ''.

This court has construed the section to require affirmance if there is '' evidence to support the findings '' (*Nolan* v. *Cole*, 157 App. Div. 44, 46). It was noted in *Matter of Van Order* (157 App. Div. 4, 6) that the court could not review the findings of fact of the administrator; and in *Matter of Quay* v. *Wege* (158 App. Div. 120, 121) that '' questions of law alone are presented ''. (See, also, *Matter of O'Rourke*, 254 App. Div. 917.)

If there is evidence to support the charge which the city manager accepted as credible we are required to affirm the determination. We do not have the power to determine what appellant urges upon us to do, that the decision is against the weight of evidence. We do not understand the appellant to contend that if the testimony against him is true his removal would be unwarranted because the acts complained of could not reasonably be regarded as coming within section 137 of the Second Class Cities Law, or generally, as affecting his fitness for office or the order or discipline of the department. Such a contention was upheld in *Matter of Van Order* (*supra*) in respect of an off-duty argument in a saloon.

The question here is, essentially, whether there is substantial evidence to sustain the charge. There is if the city manager takes as true the testimony of the girl. It has not been demonstrated that her testimony is either incompetent or incredible as a matter of law. Indeed, in many collateral points leading to the central controversy, her testimony and that of appellant are strikingly similar; and it is similar to that of some other witnesses on other collateral matters.

In essence, the girl's testimony is that appellant met her at 9:30 P.M. behind a public building; escorted her up a fire escape of a nearby abandoned building, and into this building, a window of which he had broken to gain entrance, suggested or attempted intimacies with her and there offered her 25 cents; and that this occurred while he was on duty and in uniform.

We agree that the background of the girl required that the city manager take the testimony given by her against appellant cautiously and give it very guarded acceptance.

But, while denying the part of her testimony relating to going up the fire escape into the abandoned building and the intimacies, the testimony of appellant to conversations with the girl back of the public buildings; of giving her a package that he had bought at the drug store to carry for him, disclosed singular actions for a police officer on duty. He said: "I asked her if she would do me a favor and carry my package up to the New Way Lunch that I would buy her a hot dog or give her $.25. To this she consented ".

His testimony that she walked on one side of the street and he on the other and of meeting her in the rear of the public building seems equally unusual; and since the girl said almost identically the same thing about these preceding events it might give some justification for the city manager's acceptance of the main parts of her somewhat unusual narrative of events. In any event we cannot find basis to determine that the testimony of the girl could not, as a matter of law, be accepted.

The appellant had a good war record and a good department record with the exception of one minor infraction; but while removal may be a heavy punishment, it is within the legal frame of the manager's jurisdiction and we have no power of mitigation. We assume that the city manager has a continuing jurisdiction to consider reinstatement if he deems that proper.

The order of the city manager should be affirmed, without costs.

FOSTER, P. J., BERGAN, COON, HALPERN and GIBSON, JJ., concur.

Order of the city manager affirmed, without costs.