■ In the Matter of ALBERT J. SEMERAD, Petitioner, v. CITY OF SCHENEC-TADY et al., Respondents.— REYNOLDS, J. Proceeding under article 78 of the CPLR to review a determination of the City Manager of the City of Schenectady finding petitioner guilty of the charges brought against him and dismissing him from the police force. On April 25, 1964, petitioner, a patrolman on the Schenectady Police Force, and his wife engaged in a heated marital dispute during which the wife was wounded in the abdomen by a bullet discharged

from petitioner's personal pocket gun. Thereafter petitioner was charged and found guilty by the City Manager of violating rule 82 of the Rules — Regulations and Procedures of the Police Department of the City of Schenectady in that he became "so emotionally involved as to render himself unfit for duty"; of violating rule 96 in that he did handle "his personal revolver * * * in such a careless and negligent manner so as to cause said revolver to discharge and thereby grieviously [sic] injure his wife * * * while in their home"; and of violating rule 160 in that he did "conduct himself in such a manner so as to cause disorder which was prejudicial to the good order, efficiency and discipline of the Police Department in that he became involved in an argument with his wife * * * thereby causing a disturbance in the driveway, and on the street in front of his home". Our review of the city manager's determination is limited to questions of law, and thus if the factual decisions are supported by any evidence they must be sustained (Second Class Cities Law, § 138; e.g., *Matter of Skinkle,* 249 N. Y. 172; *Matter of Quay* v. *Wege,* 158 App. Div. 120). We find that petitioner could clearly have been found to have violated rule 96 which requires: "A member of the Department * * * [to] exercise the utmost care in handling firearms and explosives." Even though it was petitioner's personal revolver and despite the fact that the record does not clearly reveal how the shooting occurred, it is clearly established that during the altercation the gun was discharged and it could validly be inferred by the City Manager, especially in the absence of any contrary proof, that such an occurrence alone directly reflected on petitioner's ability to completely discharge his everyday duties as a policeman entrusted with firearms. Similarly, we find substantial evidence to support the finding of a violation of rule 82. The instant record contains ample proof from which the City Manager could find that petitioner was emotionally unfit for police duty. Even if the fact that he picked up a gun while engaging in a heated argument with a woman were not enough, his sudden complete lapse of memory as to how the gun was discharged followed by a complete return of memory immediately thereafter would seem sufficient. Admittedly, petitioner did not have to reveal anything which would be self-incriminatory, but since the instant proceeding is remedial and not penal in nature, his failure to testify and explain his actions was subject to an unfavorable inference (Richardson, Evidence [9th ed.], § 540, pp. 555–558). Furthermore, although very close, we cannot find as a matter of law that there is not sufficient evidence in the record to sustain the charge of a violation of rule 160. Petitioner also urges that the City Manager erred in considering petitioner's past record which was not part of the record in the instant proceeding in assessing punishment. The City Manager, however, clearly indicated that the instant charges alone supported dismissal, but in any event since at most it influenced only his decision as to the measure of punishment, we find no reversible error (*Matter of Phinn* v. *Kross,* 26 Misc 2d 889, affd. 15 A D 2d 641). Determination confirmed, without costs. Gibson, P. J., and Staley, Jr., J., concur with Reynolds, J.; Aulisi, J., concurs in part and dissents in part in a memorandum; Herlihy, J., concurs with Aulisi, J., in a memorandum; Aulisi, J. (concurring in part and dissenting in part): I agree with the majority's decision that the petitioner is guilty of violating rule 96. In my opinion, however, the record fails to sustain a finding of violations of rules 82 and 160. Since there is a lack of evidence supporting the determination as to two of the three charges, it is my view that the punishment upon the facts here is excessive and that the matter should be remanded to the City Manager for a redetermination of the measure of punishment with

respect to the violation which can be affirmed. Herlihy, J. (concurring with Aulisi, J.) : I would specifically note that my concurrence as to the validity of the determination in regard to the handling of the firearm is not based upon any inference of guilt arising from the fact that the appellant did not testify and explain his action. The reference by the majority to Richardson, Evidence [9th ed.], § 540, pp. 555-558) is no support for their position. Further, where the accused is not called upon to testify and thus, there is no indication of any refusal on his part to explain the occurrence, there can be no inference of guilt. (Cf. *People ex rel. Schauwecker* v. *Greene*, 96 App. Div. 249, 254.) In fact, the petitioner had previously given a voluntary statement which the respondents presumably could have explored had they called him to testify. Rule 96 of the Rules — Regulations and Procedures of the Schenectady Police Department provides: " A member of the Department shall exercise the utmost care in handling firearms and guarding explosives." It seems obvious that the primary purpose of the rule is directed to a police officer and his official as distinguished from his personal " firearm ", but it also seems reasonable and realistic to apply the rule to the present facts.