In the Matter of SALVATORE LO BELLO, Respondent-Appellant, *v.* ARTHUR MCLAUGHLIN, as Fire Commissioner of the City of Mount Vernon, et al., Appellants-Respondents.

Second Department, July 13, 1972.

*Arthur H. Ellis, Corporation Counsel (James Cardinal* of counsel), for appellants-respondents.

*Avstreih, Martino & Weiss (David Avstreih* of counsel), for respondent-appellant.

SHAPIRO, J.   After a hearing on charges, the petitioner, Lo Bello, a fireman, was dismissed by the Fire Commissioner of the City of Mount Vernon.   He then brought this proceeding pursuant to article 78 of the CPLR to review his dismissal.   The Special Term modified the determination by ordering a two-month suspension and remanded the balance of the petitioner's application, which requested that he be paid his salary as of November 9, 1970, for a hearing in accordance with section 207-a of the General Municipal Law.   Both sides have appealed to this court.   The city, through its Fire Commissioner and Fire Chief, relying on section 127-f of its charter (Local Laws, 1928, No. 1 of City of Mount Vernon, § 8), contends that the petitioner's exclusive remedy to review the Commissioner's deter-

mination was by a direct appeal to this court and that he could not utilize an article 78 proceeding for that purpose. Section 127-f, so far as here pertinent, reads: " Appeal from determination of commissioner. In case any such officer or member is aggrieved by the determination of the commissioner on any trial of charges, as specified in the preceding section, *he may within thirty days after the rendering of such determination, take an appeal therefrom on questions of law to the appellate division of the supreme court* " (emphasis supplied).

In *Matter of Ryan* v. *Hand* (258 App. Div. 912), that very provision of the Mount Vernon City Charter was construed and this court there said: " The redress of petitioner's alleged grievance is controlled exclusively by section 127-f of the Charter of the City of Mount Vernon. * * * He may not, therefore, have recourse to article 78 of the Civil Practice Act " (now article 78 of the CPLR).

In that case, however, the constitutionality of section 127-f of the Mount Vernon City Charter was neither raised nor considered and the files of this court reveal that, although not cited, the decision was based on *Matter of Skinkle* (249 N. Y. 172), in which the Court of Appeals held that section 138 of the Second Class Cities Law (which is virtually identical with section 127-f of the Mount Vernon City Charter) provided an exclusive remedy and rendered an article 78 proceeding unavailable.

For the reasons hereinafter stated, I have come to the conclusion that *Ryan* was erroneously decided by this court, because section 127-f is constitutionally invalid, and that *Skinkle* affords no basis for its conclusion.

Section 127-f was adopted as a local law. As such it could not take precedence over the general statutes dealing with the jurisdiction of this court. Section 2 (subd. [c], cl. [i]) of article IX of the Constitution of the State of New York confers upon local governments—such as the City of Mount Vernon—" power to adopt and amend local laws *not inconsistent* with the provisions of this constitution or any general law relating to its property, affairs or government " (emphasis supplied). A similar provision is found in section 10 (subd. 1, cl. [i]) of the Municipal Home Rule Law. The applicable general statute (CPLR 5501, subd. [c]) limits the jurisdiction of this court to a determination of questions of law and fact on appeals from orders or judgments of a court of original instance or on appeals from orders of the Supreme Court, County Court or an Appellate Term determining an appeal. I conclude that insofar as section 127-f purports to confer jurisdiction on this court, by direct appeal,

to review determinations of the Mount Vernon Fire Commissioner it is invalid, since it is in conflict with the general statutes describing this court's appellate jurisdiction (CPLR 5501, subd. [c]; article 57 of the CPLR). The important distinction between section 138 of the Second Class Cities Law and section 127-f of the City Charter (even though their language is substantially identical) is that the former is a specific *State* statute and, as such, it takes precedence over general statutes dealing with the same subject matter (the jurisdiction of this court), while the latter is merely a local law enacted to amend the City Charter and, hence, takes no precedence over a general statute.[1]

The State Legislature has seen fit to treat second class cities, and no others, in a special manner by providing for appellate review in the various Appellate Divisions of determinations made by Commissioners of Public Safety. This amounts to a very limited right, provided only in cases concerning second class cities and then under limited conditions (e.g., only on questions of law and only within 30 days of the offending determination). The State Legislature, of course, had nothing to do with the enactment of section 127-f of the Mount Vernon Charter. That is the crux of the issue. We therefore hold that section to be invalid.[2]

Sections 75 and 76 of the Civil Service Law provide various methods for review of penalties and punishments imposed on civil servants and subdivision 4 of section 76 provides, *inter alia,* that nothing in sections 75 or 76 shall operate to repeal any inconsistent local law or other provision. The dissent feels, and so holds, that when section 76 of the Civil Service Law (formerly section 22) was re-enacted in 1958 (L. 1958, ch. 790) it thereby impliedly approved other methods of review not contained within

---

1. That, I believe, was the rationale for the holding in *Skinkle* (*supra*) that section 138, in prescribing an exclusive appellate remedy, was valid.

2. Mount Vernon is not a second class city, and hence is not governed by the Second Class Cities Law, because: (1) it does not fit the definition of a " second class city " and (2) more importantly, even if it once was a second class city, it no longer is so by virtue of the fact that it has its own charter pursuant to the Municipal Home Rule Law. A " second class city " is defined as a city which was of the second class on December 31, 1923 " until * * * [the provisions of the Second Class Cities Law are] superseded pursuant to the municipal home rule law " (Second Class Cities Law, § 4 [bracketed matter supplied]). Mount Vernon does not fit this definition because its charter became effective on April 4, 1922 (L. 1922, ch. 490), well over a year before the operative date contained in the definition. Secondly, even if Mount Vernon were formerly a second class city, the enactment of its charter in 1922 in line with the policy expressed in the " bill of rights for local governments " (N. Y. Const., art. IX, § 1) served to remove it from the ambit of the definition of a second class city.

section 76 itself (including that set forth in section 127-f of the Mount Vernon Charter). However, the invalidity of section 127-f is not predicated on its inconsistency with section 76 of the Civil Service Law but rather on its incompatibility with the provisions of the CPLR and our State Constitution, both of which delineate (and thereby restrict) the jurisdiction of this court. Hence, the enactment of sections 75 and 76 in 1958 is, as I see it, irrelevant to the issue here presented, for they have no bearing on the validity of section 127-f, enacted by a local law, insofar as it conflicts with the statutory and constitutional provisions dealing with this court's jurisdiction.

Accordingly, we conclude that an article 78 proceeding was available to the petitioner in this case; in fact, it was his only remedy.[3] We are in accord with the Special Term's conclusion that under all of the circumstances of this case the punishment of dismissal was " disproportionate to the offense " (*Matter of Stolz* v. *Board of Regents,* 4 A D 2d 361, 365) and was " harsh and unwarranted and, as such, an abuse of discretion " (*Matter of Nagin* v. *Zurmuhlen,* 6 A D 2d 677, 678).

The petitioner, in urging that we sustain the Special Term, which vacated his dismissal, nevertheless contends that the imposition of a two-month suspension may not be upheld because section 127-e of the Mount Vernon Charter limits the Fire Commissioner's powers to a suspension of one month if there be no dismissal from service. He, therefore, urges that, at the most, his dismissal having been set aside, his period of suspension must be limited to one month instead of two. He is in error (*Matter of Mitthauer* v. *Patterson,* 8 N Y 2d 37, 42). In that case a similar contention was raised and the court said (pp. 42–43) : " There is one more problem in the case. The Authority says that in any event a six-month suspension was illegal under subdivision 3 of section 75 of the Civil Service Law (*supra*). That statute says that when a civil service employee is found guilty of charges ' the penalty or punishment may consist of a reprimand, a fine not to exceed one hundred dollars to be deducted from the salary or wages of such officer or employee, suspension without pay for a period not exceeding two months, demotion in grade and title, or dismissal from the service.' However, under the circumstances of this case and in the light

---

3. It is unnecessary in the posture of this record to decide whether the Special Term should have referred the petitioner's application to us for our decision in the first instance, since the matter is now before us and we may treat it as a direct application (*Matter of Continental Term. Operating Corp.* v. *Thompson,* 16 A D 2d 952).

of subdivision 5-a of section 1296 of the Civil Practice Act (*supra*), we hold that the six-month period as fixed by the Appellate Division was not illegal."

We have considered the other contentions of the parties and have determined that the order of remand for a hearing on the issues delineated by the Special Term was correct.

The judgment appealed from should, therefore, be affirmed, with costs to the petitioner.

HOPKINS, Acting P. J. (dissenting). The parties have not raised any issue concerning the validity of section 127-f of the Charter of the City of Mount Vernon (Local Laws, 1928, No. 1 of City of Mount Vernon, § 8). This provision of the charter has been construed and enforced by us in other proceedings (*Matter of Ryan* v. *Hand*, 258 App. Div. 912; cf. *Matter of Gray* v. *Spears*, 206 Misc. 1020; see, also, *Matter of Skinkle*, 249 N. Y. 172). However, I agree that the jurisdiction of this court to hear an appeal is always a matter of inquiry, even on our own motion (cf. *Nemeroff Realty Corp.* v. *Kerr*, 38 A D 2d 437, 439).

In my view, the city was authorized by the Legislature to provide for an exclusive remedy in reviewing a determination of the Fire Commissioner which disciplined an employee. Subdivision 4 of section 76 of the Civil Service Law provides that nothing contained therein or in section 75 of the Civil Service Law shall be construed to repeal or modify any " general, special, *local law* or charter provision relating to the removal or suspension of officers or employees in the competitive class of the civil service of the state or any civil division " (emphasis supplied). Thus, it appears that the Legislature has expressly recognized that a municipality may adopt a local law relating to the manner in which an aggrieved employee may review the action of dismissal from the civil service.

Moreover, section 127-f of the charter is substantially identical with the provisions of section 138 of the Second Class Cities Law. By the provisions of section 138, the aggrieved employee is limited to a review of " questions of law " by the Appellate Division of the Supreme Court. Accordingly, the City of Mount Vernon, though not a second class city, did not invest this court through the local law with any greater or lesser jurisdiction than that already endowed by section 138 of the Second Class Cities Law. Under these circumstances, the intention of the Legislature to permit the enactment by local law of provisions for review of a determination disciplining an employee in the civil service different from the general provisions of law seems apparent.

410

Since the jurisdiction of the Appellate Division under section 127-f of the City Charter is restricted to questions of law, it follows that determinations by the Fire Commissioner on all questions of fact are binding on this court, including the measure of discipline imposed by the Commissioner (*Matter of Skinkle,* 249 N. Y. 172, *supra; Matter of Caputo [City of Schenectady],* 3 A D 2d 484, 486). Hence, Special Term could not mitigate the punishment; nor can we; and, as the proceeding was not instituted within 30 days from the time of the determination of the Commissioner, as prescribed by section 127-f, the judgment must be reversed and the proceeding dismissed.

MUNDER and CHRIST, JJ., concur with SHAPIRO, J.; HOPKINS, Acting P. J., dissents and votes to reverse and dismiss the proceeding, in an opinion, in which BRENNAN, J., concurs.

Judgment of the Supreme Court, Westchester County, entered January 13, 1972, affirmed, with costs to petitioner.