■ In the Matter of MORGAN DILLON, JR., Petitioner, v CITY MANAGER OF THE CITY OF YONKERS et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent trial commissioner, which, after a hearing found the petitioner guilty of certain charges and dismissed him from the City of Yonkers Police Department. Petition granted to the extent that the determination is modified, on the law, by vacating the penalty imposed. As so modified, determination confirmed, proceeding otherwise dismissed on the merits, without costs or disbursements, and the matter is remitted to the trial commissioner for the imposition of a new penalty. The decision shows that, in determining the penalty to be imposed, the trial commissioner believed he was bound to impose one of the penalties listed in section C13B-4 of the City of Yonkers Charter. This is incorrect. The governing law is subdivision 3 of section 75 of the Civil Service Law, which provides for a variety of possible penalties, ranging from reprimand to dismissal. The charter sets forth a much more limited list of penalties, providing for neither fines nor demotions. The Civil Service Law, a general statute, takes precedence over an

inconsistent local law (Municipal Home Rule Law, § 10, subd 1; cf. *Matter of Lo Bello v McLaughlin,* 39 AD2d 404, affd 33 NY2d 755). The trial commissioner's finding of the petitioner's guilt is supported by substantial evidence. However, considering all the circumstances, the penalty of dismissal is so disproportionate to the offenses as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233-234). For this reason and because of the trial commissioner's error about available penalties, the penalty imposed must be vacated and the matter remitted for the imposition of a new penalty. Mollén, P. J., Titone, Thompson and Rubin, JJ., concur.